The State v. Harvell.

---

## THE STATE v. HARVELL, *Appellant.*

1. **Criminal Law**: GRAND LARCENY: STATUTE OF LIMITATIONS. A prosecution for grand larceny is not barred by the three years statute of limitations (R. S., sec. 1704), where the defendant, after the commission of the offence, fled from justice. R. S., sec. 1706.

2. ——: FUGITIVE FROM JUSTICE. One who commits an offence and conceals himself to avoid arrest, is a fugitive from justice. If he successfully conceals himself so as to evade punishment for his crime, although such concealment may be on his own premises, he is as much a fugitive from justice as if he had left the state.

*Appeal from Shannon Circuit Court.*—HON. J. R. WOODSIDE, Judge.

AFFIRMED.

*Jeff. D. Storts* for appellant.

*B. G. Boone,* Attorney General, for the state.

(1) The defendant having fled from justice, the prosecution was not barred. Section 1706, Revised Statutes; *State v. Washburn,* 48 Mo. 240. (2) It is not necessary to suspend the statute of limitations, that a defendant should leave and remain away from the state. It is a "fleeing from justice," within the meaning of the statute, for a defendant to abscond from his usual place of abode and secrete himself in another county to avoid arrest and prosecution. *Lay v. State,* 42 Ark. 105; *Watkins v. State,* 68 Ga. 832.

HENRY, C. J.—At the September term, 1885, of the Shannon county circuit court, the defendant was indicted for grand larceny, alleged and proved to have been committed in August, 1881, and the only question we have to determine is, whether the prosecution was barred by the statute of limitations.

Section 1703, Revised Statutes, 1879, provides that: " Any person may be prosecuted, tried and punished for any offence punishable with death, or by imprisonment in the penitentiary during life, at any time after the offence shall have been committed." Section 1704, " No person shall be tried, prosecuted or punished for any felony other than as specified in the next preceding section, unless an indictment for such offence be found within three years after the commission of the offence." The statute, therefore, barred the prosecution, unless section 1706 authorized it. That section is as follows: ." Nothing contained in the two preceding sections shall avail any person who shall flee from justice. * * * "

The testimony proved that defendant, after the commission of the offence in Shannon county, left his home in that county and was not there again until after he was arrested in Howell county on an indictment found against him in Texas county, in May, 1885, for this offence. . The court made an order transferring the cause to Shannon county, and the defendant was taken to, and confined in the jail of Shannon county, until the fourth of August, 1885, when he broke jail and escaped, but was again arrested about ten days thereafter.   Was he a fugitive from justice within the meaning of section 1706 ? We are of the opinion that he was.   It was not essential that he should have left the state before he could be regarded as a fugitive from justice.   One who commits an offence and conceals himself to avoid arrest, is a fugitive from justice.   If he successfully hides or conceals himself so as to evade punishment for his crime, although such concealment may be upon his own premises, he is as much a fugitive from justice as if he had escaped into Canada.   We are, therefore, of opinion that the defendant could not avail himself of the statute of limitations.

The judgment is affirmed.   All concur.