# THE STATE v. MILLER, alias SUMMERS, alias MUNROE, Appellant.

## Division Two, May 16, 1905.

1. **STATUTE OF LIMITATIONS:** Bar: Conditions Alleged Conjunctively: Information. Where an information, in order to prevent the bar of the Statute of Limitations, alleges conjunctively that defendant was a fugitive from justice and a non-resident of the State, a motion to quash or to compel the State to elect upon which condition it would rely, should be overruled. The conditions are not repugnant or inconsistent, and the State would have the right upon the trial to prove either or both of them.

2. **INFORMATION:** Larceny of Different Articles: Dismissal as to Some. Where an information charges defendant with larceny of a wagon, a set of harness, and a horse, the refusal of the prosecuting attorney to prosecute upon the charges of the stealing of the wagon and set of harness, and the dismissal by the State as to such charges, does not operate as a bar to a prosecution for the remaining charge in the information, that of stealing a horse.

3. **FUGITIVE FROM JUSTICE:** Concealment: Instruction. It is not essential, in order to constitute one a fugitive from justice within the meaning of the Statute of Limitations, that he should actually leave the State. Concealment for the purpose of avoiding arrest and punishment, even though it be within the State, is sufficient to constitute him a fugitive from justice, and an instruction which practically so declares is proper.

4. ———: Conflict of Evidence: Province of Jury. Where the testimony is conflicting as to whether defendant concealed himself to avoid arrest and punishment, it is the province of the jury to pass upon the question, and the appellate court will not interfere with their finding.

5. **INFORMATION:** Date of filing: Statute of Limitations: Instruction. Where an instruction tells the jury that the information alleges that the offense was committed more than three years before the date of the filing of the information, it is not necessary that it should specify the date on which the information was filed.

6. **INSTRUCTION:** "Flee from Justice:" Definition. An instruction which told the jury that they must find that defendant "concealed himself to avoid arrest and punishment for the crime charged against him," sufficiently defined the terms "flee from justice," and no other definition was necessary.

Appeal from Jackson Criminal Court.—*Hon. John W. Wofford,* Judge.

Affirmed.

*W. F. Riggs* for appellant.

Under our statute "fleeing from justice" and "moving out of the State" are essentially different, and, in the words of this court, "In a word, would not advise him upon which alternative the State intended to rely." State v. Snyder, 182 Mo. 462. At the trial we insisted that the burden of proof was upon the State to prove one or both the alternatives which deprived the defendant of the benefit of the bar of the statute, "which otherwise stood confessed upon the record." Snyder case, supra.

*Herbert S. Hadley,* Attorney-General, and *John Kennish,* Assistant Attorney-General, for the State.

(1) The court did not err in overruling the motion to quash. State v. Snyder, 182 Mo. 462. The exceptions were pleaded conjunctively and the information is, therefore, sufficient. There is no rule of pleading and no good reason that would deny to the State the right to plead and rely upon both grounds, either of which, if proven, would avoid the bar of the statute. (2) Instruction 2 correctly declared the law. "It was not essential that he should have left the State before he could be regarded as a fugitive from justice. One who commits an offense and conceals himself to avoid arrest, is a fugitive from justice." State v. Harvell, 89 Mo. 588. (3) The omission of the date of the filing of the information could not "tend to the prejudice of the substantial rights of the defendant upon the merits." R. S. 1899, sec. 2535; State v. Taylor, 134 Mo. 109. The failure to instruct as to the date of the com-

mencement of the prosecution, under the facts in this case, if error, was error "in favor of the defendant," and therefore harmless. R. S. 1899, sec. 2535.

FOX, J.—This cause is in this court by appeal on the part of the defendant from a conviction of grand larceny from the Jackson County Criminal Court. This prosecution is based upon an information duly verified by the prosecuting attorney of Jackson county, and is as follows:

"Now comes Roland Hughes, prosecuting attorney for the State of Missouri, in and for the body of the county of Jackson, and upon the affidavit of Newton Vaughn herewith filed informs the court that Frank Miller, alias Frank Summers, alias Frank Munroe, whose true name in full is unknown to said prosecuting attorney, late of the county aforesaid, on the 23d day of May, 1901, at the county of Jackson, State aforesaid, one wagon of the value of fifty dollars; one set of harness of the value of ten dollars; and one horse of the value of seventy-five dollars, all of the value of one hundred thirty-five dollars, of the goods and chattels of one Newton Vaughn, then and there being, did then and there unlawfully and feloniously take, steal and carry away. And the prosecuting attorney aforesaid, upon the affidavit aforesaid, further informs the court that said Frank Miller, alias Frank Summers, alias Frank Munroe from and after said 23d day of May, 1901, to the 25th day of May, 1904, was and has been a fugitive from justice and during all said time fled from justice, and was not during said time an inhabitant or resident of this State, against the peace and dignity of the State."

To this information, the defendant interposed the following motion:

"Comes the defendant, Frank Miller, and by leave of court withdraws his plea of not guilty, and now here moves the court to quash, or compel the State to elect for which cause this information is filed and defendant put upon trial, after the cause of action, if any such exists, is barred by the Statute of Limitations. The causes mentioned in the information are inconsistent and contradictory, and prejudicial to defendant, giving him no information to enable him to prepare for trial."

The facts of this case, as developed at the trial, on the part of the State, may be briefly stated as follows:

On the 23d day of May, 1901, and for some time before, the defendant resided upon a leased place about a quarter of a mile northwest of the town of Dodson in Jackson county, Missouri. He was there known by the name of George Munroe, receiving his mail, rented the place and had an account at the store in that name. He pretended to be following the business of repairing sewing machines, traveling about the country from place to place for that purpose.

The prosecuting witness, Newton Vaughn, lived near Martin City in the same county. It is not shown by the evidence what distance Martin City is from Dodson. The defendant had stayed over night, without charge, at Vaughn's home at two different times about a month before the date of the offense charged in the information.

On the morning of the 24th of May, 1901, Vaughn discovered that his horse, wagon and harness had been taken during the night and driven away. There had been a shower of rain that night and the wagon could easily be tracked. Many neighbors assisted Vaughn in

the pursuit of his property, and they tracked it directly to the place where defendant lived and there found it the same day. When the property was found by the owner and those with him, the defendant was not at home, but the woman, Mrs. Mason, with whom he had lived, was still there. The defendant was seen there the night before.

A warrant was immediately issued for the arrest of the defendant and placed in the hands of the constable, who made diligent search for the defendant, but was unable to find him. The case was placed in the hands of the police at Kansas City, and one of their number, who knew the defendant, was detailed to find him and make the arrest. He, too, was unable to get any trace of the defendant, although he made long and careful search, until about three years thereafter, at which time the arrest was made. At the time of the arrest and at the trial, the defendant gave his name as Frank J. Miller.

Immediately after the finding of the stolen property at defendant's place of residence, and defendant's disappearance, suit was instituted against him on the account heretofore mentioned and his property attached. The defendant did not appear; judgment was rendered against him and his property sold to pay the debt. When asked on the witness stand as to his sudden abandonment of his lease and property and his failure to return to Dodson, he answered that there was no use for him to go back as he had "done up" all the sewing machine work in that locality.

Mr. Kinney, a detective, who was a witness in this cause, had known the defendant under the different names of Summers, Frazer, and Munroe, and when arrested the defendant freely admitted his identity, and that he had stolen the Vaughn property, but said that he had reformed.

Numerous witnesses were introduced, on the part of the defendant, showing that they had seen the de-

State v. Miller.

fendant in different parts of the country since the alleged larceny was committed, and there was testimony showing that he was married in Kansas City, Missouri, under the name of Frank J. Miller.

Defendant testified in his own behalf, detailing practically his entire history and where he had ever worked and for whom he had worked; denied any concealment of himself and also denied the stealing of the property charged to have been stolen. It may be stated that the testimony upon the issues presented to the jury was conflicting.

At the close of the testimony learned counsel for appellant interposed a demurrer to the evidence in the nature of an instruction directing the jury to acquit the defendant, which demurrer was by the court overruled. The court then proceeded to give instructions to the jury and the cause was submitted and they returned their verdict finding the defendant guilty of grand larceny as charged in the information and assessing his punishment at two years in the State penitentiary. Judgment was accordingly rendered upon said verdict, and from this judgment defendant prosecuted this appeal, and the record is now before us for review.

OPINION.

Numerous errors are urged by learned counsel for appellant as reasons for the reversal of this judgment. We will treat the complaints of appellant in the order in which they are presented in the briefs of counsel, and give them such attention as their importance merits and demands.

It is insisted by appellant that the motion to quash the information should have been sustained, or at least the State should have been compelled to elect as to which of the causes alleged in the information as would prevent the Statute of Limitation from running, it would rely on. Upon this proposition it is well to ob-

serve the form of the allegations in the information as applicable to the bar of the Statute of Limitations. The information charges "that said Frank Miller, from and after the 23d day of May, 1901, to the 25th day of May, 1904, was and has been a fugitive from justice and during all said time fled from justice, and was not during said time an inhabitant or resident of this State." It is clear that either of those conditions existing would prevent the bar of the Statute of Limitations from being operative upon this charge, and it must be conceded that, had they been pleaded disjunctively, the pleading would have very properly been subject to the challenge made against it by the appellant, but as the information has correctly charged the conditions to have existed conjunctively, the contention of the appellant should not, under the well-settled rules of good pleading, be maintained. The conditions are not alleged in the alternative so as to leave the defendant in doubt as to which one of them the State would rely upon, but they are all alleged to be in existence, and the State upon the trial would have the right to establish by proof either one of them. The defendant in this case is in no position to claim that the pleading failed to notify him as to what conditions it relied upon, for the pleading itself fully notifies him that the State relied upon all of them, and it was his duty to prepare to meet all of them upon the trial. The conditions alleged in the information, which prevent the operation of the bar of the Statute of Limitations, are not repugnant or inconsistent. The defendant may have been a non-resident of the State and also a fugitive from justice, or a fugitive from justice and still a resident of the State; however, that he was a fugitive from justice, and a non-resident of the State, were both alleged conjunctively, and that was sufficient to admit of such proof as would establish the existence of both or either of said conditions. In recognition of this principle we have numerous statutes which forbid the

doing of certain acts embraced in the same section, which in fact create several offenses in the alternative, and it has been uniformly ruled by this court that where such acts are not repugnant to each other or inconsistent, all of them may be charged conjunctively in the indictment or information charging the offense created by the section. [State v. Fancher, 71 Mo. 460; State v. Murphy, 47 Mo. 274; State v. Connelly, 73 Mo. 235.] So upon the same principle the information in this case correctly charges conjunctively the existence of certain conditions which prevented the operation of the bar of the Statute of Limitations. While in State v. Snyder, 182 Mo. 462, this principle of pleading is not announced in express terms, yet it is apparent from the discussion of the question involved in that case that no other inference can be drawn except a full recognition of the principle of pleading herein announced.

It is next insisted by appellant that the refusal of the prosecuting attorney to prosecute the defendant upon the charges in the information for stealing a wagon and harness, and the dismissal by the State as to said charges, operates as a bar to the prosecution of the defendant for the remaining charges in the information, that of stealing the horse of the prosecuting witness. We are unable to give our assent to this contention. Had the State proceeded with the trial without any dismissal as to that particular charge in the information, it certainly would have had the right to have confined the proof to either of the particular species of property alleged, and, if the proof was satisfactory, to have urged a conviction for the stealing of such items of property to which the testimony was applicable. We see no legal grounds why the prosecuting attorney, if different species of property are alleged to have been stolen, cannot say to the court, "I decline to introduce any proof as to certain particular property alleged in the information." In fact, if a charge of that kind was made and the representative of the

State recognized that he had no proof of the stealing of a certain part of the property, it would be his duty to so inform the court of that fact, and this would not prevent his right to continue the prosecution as to that part of the property of which he could make the necessary proof. This contention must be ruled against the appellant.

This brings us to the main proposition so ably and earnestly urged by counsel for appellant, which is embraced in the contention that the trial court erroneously submitted, upon the facts as developed in this case, the question as to the operation of the bar of the Statute of Limitations. Upon this question the court thus instructed the jury:

"The court further instructs the jury that the offense in the information filed is alleged to have been committed more than three years before the date of the filing of the information, and although you may find and believe from the evidence that the defendant is guilty as charged under instruction No. 1, yet you cannot find the defendant guilty unless you shall further find that, after the commission of said offense, said defendant concealed himself to avoid arrest and punishment for the crime charged against him."

Counsel insists that, as defendant was not a non-resident of the State, under the facts in this case, he was not a fugitive from justice, and that this instruction did not properly declare the law. It will be observed that the information in this cause, to prevent the bar of the Statute of Limitations, alleged that the defendant "from and after the 23d day of May, 1901, to the 25th day of May, 1904, fled from justice, and was during all of said time a fugitive from justice."

This court, in State v. Harvell, 89 Mo. 588, had presented the sole question as to the bar of the Statute of Limitations under a similar section of the statute. In the construction of the statute, HENRY, J., speaking for this court, in no uncertain or doubtful terms gave

State v. Miller.

expression to the views of the court as to the .true and correct meaning of the terms "flee from justice" or "fugitive from justice." He said: "Was he a fugitive from justice within the meaning of section 1706? We are of the opinion that he was. It was not essential that he should have left the State before he could be regarded as a fugitive from justice. One who commits an offense and conceals himself to avoid arrest, is a fugitive from justice. If he successfully. hides or conceals himself so as to evade punishment for his crime, although such concealment may be upon his own premises, he is as much a fugitive from justice as if he had escaped into Canada. We are, therefore, of opinion that the defendant could not avail himself of the Statute of Limitations." We are of the opinion that the conclusions of the court in that case was a practical and correct construction of the statute, and we can assign no valid reason why we should depart from it at this time.

We shall not undertake to settle the conflict in the testimony developed at the trial; that was especially the province of the jury, and it will suffice to say that there was ample proof tending to show that, after the commission of the offense charged, defendant concealed himself to avoid arrest and punishment for the crime charged against him. That issue was properly and fairly submitted to the jury by instruction No. 2, complained of by the appellant.

At the close of all the testimony the defendant requested the court to give numerous instructions, which were refused. We deem it unnecessary to burden this opinion with a reproduction of the refused instructions; however, we will state that we have carefully considered them, and have reached the conclusion that their refusal constitutes no error.

Counsel for appellant insist that the court should have instructed the jury particularly as to the date when this prosecution was commenced. The court in instruc-

tion No. 2 expressly told the jury that the offense was alleged to have been committed more than three years before the filing of the information, and we see no necessity for giving the exact date as to when the prosecution was commenced. It was amply sufficient, to direct the jury that the information, upon this phase of the case, alleged that the offense had been committed more than three years before the filing of the information, and we are unable to reach a conclusion that the failure to specifically name the date of the filing of the information was in any way prejudicial to the rights of the defendant.

It is also insisted that the failure of the court to specifically instruct the jury as to the meaning of the terms "flee from justice," constitutes error. The court in instruction No. 2 expressly tells the jury that, in order to convict the defendant, it was essential that they should find that, "after the commission of such offense, he had concealed himself to avoid arrest and punishment for the crime charged against him." It was said in State v. Harvell, supra, that "one who commits an offense and conceals himself to avoid arrest, is a fugitive from justice." Hence, we take it that instruction No. 2 practically told the jury that a concealment to avoid arrest was in fact fleeing from justice, and no other definition of the terms "flee from justice," or "fugitive from justice" was necessary.

We have carefully considered all of the disclosures in the record before us. The testimony fully supports the finding of the jury that the defendant stole the property as charged. The instructions given by the court covered every feature of this case to which the testimony was applicable, and we have been unable to discover any reversible error presented in the record, and the judgment of the trial court should be affirmed, and it is so ordered.

*Gantt, J.,* concurs; *Burgess, P. J.,* absent.