Court of General Sessions for New Castle County, No. 17, September Term, 1949.
Gilbert Williams was indicted upon a charge of obtaining money by false pretenses. The indictment was found at the September Term 1949, which commenced on September 19. The indictment gave the date of the alleged offense as December 7, 1945 and, after setting forth the details of the transaction, contained these words: "the said Gilbert Williams having been without the jurisdiction of the State of Delaware since the false representation was made."
The Court, sua sponte, questioned the sufficiency of the indictment under 5332 Sec. 37, Revised Code 1935, which reads as follows: *Page 63 
"No person shall be prosecuted, tried or punished for treason or other capital offense, wilful murder excepted, unless the indictment is found within three years next after such treason or capital offense is done or committed.
"No person shall be prosecuted, tried or punished, for any crime or offense not capital, unless the indictment is found or the information is instituted within two years next after such offense is committed.
"Nothing in this section shall extend to any person fleeing from justice".
The ultimate question for decision is whether the indictment in this case is sufficient in view of the provisions of Code Section 5332 quoted in the statement of facts. In order to answer this, it is necessary to consider two underlying questions: (1) must the indictment affirmatively contain an allegation of matter avoiding the bar of the statute of limitations; and (2) if so, does this particular indictment comply with that requirement?
With respect to the first subordinate proposition, a few authorities hold that the indictment need not contain an averment whereby the bar of the statute is raised. United States v. Cook,
17 Wall. 168, 21 L. Ed. 538; Capone v. Aderhold, (5 Cir.)65 F.2d 130; Packer v. People, 26 Colo. 306, 357 P. 1087; Thompson v.State, 54 Miss. 740; State v. Gill, 33 Ark. 129. This is perhaps the rule in New Jersey, State v. Unsworth, 85 N.J.L. 237, 88 A. 1097; and may or may not be the rule in Pennsylvania, Blackman v.Commonwealth, 124 Pa. 578, 17 A. 194. The majority rule, however, is to the contrary. People v. Hoffman, 132 P.2d 60, 22 P.2d 229;Love v. State, 70 Ga. App. 40, 27 S.E.2d 337; State v. Ross,325 Ill. 417, 156 N.E. 303; State v Tupa, 194 Minn. 488, v.Steensland, 33 Idaho 529, 195 P. 1080, 13 A.L.R. 1442; People260 N.W. 875, 99 A.L.R. 147; State v. Drum, (Mo. Supp.) *Page 64 
217 S.W. 23; People v. Reiser, 240 App. Div. 36, 269 N.Y.S. 573;Hickman v. State, 44 Tex. Cr. R. 533, 72 S.W. 587; Joyce onIndictments (2d Ed.) 432, 433.
Without entering into an elaborate discussion of the reasons given in support of each of these theories, I deem it sufficient to say that the majority rule seems the more logical and fitting. An indictment should show on its face that the State has the right to prosecute the accused. If it indicates that the alleged offense was committed more than the statutory length of time prior to the finding of the indictment or the institution of the information, and contains nothing to show that the statute of limitations does not apply, then it appears from the face of the indictment that the State cannot proceed against the accused. In such event, a motion to quash is appropriate. 5318, Sec. 23,Revised Code 1935.
Does the indictment in this case sufficiently comply with the foregoing requirement? It states merely that the defendant has been without the jurisdiction of the State of Delaware since the false representation was made. Our statute of limitations applies unless the accused flees from justice. It has been suggested that this term has the same connotation as the phrase "fugitive from justice" as used in extradition laws, and that the demands of the statute are met by stating simply that the defendant has been beyond the jurisdiction since the commission of the offense. The case of Bruce v. Bryan, (4 Cir.) 136 F. 1022, supports this contention, but I have found no other authority so holding. The Nebraska Court, in Taylor v. State,138 Neb. 156, 292 N.W. 233, refused to agree with this proposition and held that the two terms are not synonymous. In fact, aside from the Bruce case, every decision I have seen holds that the term "fleeing from justice", when used in statutes of limitation such as this, requires an intent to avoid detection or prosecution for a crime. A person may flee from justice even though he remains within the jurisdiction; conversely, he may leave the jurisdiction without fleeing *Page 65 
from justice. If an accused returns to his usual place of abode, does not conceal himself, or makes no other effort to avoid arrest, he has not fled from justice. A typical definition is found in Renner v. Renner, 13 N.J.Misc. 749, 181 A. 191, which confined the term to a person who, having committed a crime, has removed from, or secreted himself within, the jurisdiction wherein the offense was committed with intent to avoid detection or prosecution. United States v. Smith, 4 Day (Conn.) 121 Fed.Cas. No. 16332; Brouse v. United States, (1 Cir.) 68 F.2d 294;State v. Miller, 188 Mo. 370, 87 S.W. 484; State v. Lem Woon,57 Or. 482, 107 P. 974; Lay v. State, 42 Ark. 105. I therefore hold that the allegation in this indictment does not satisfy the requirement of the statute.
The indictment on its face fails to show that the State has the right to prosecute the defendant, and it must therefore be quashed.