THE STATE OF DELAWARE V. VERNON McKENZIE.

(*September* 14, 1961.)

DUFFY, J., sitting.

*E. Norman Veasey*, Deputy Attorney-General, for The State of Delaware.

*Irving S. Shapiro* for Vernon McKenzie.

Superior Court for New Castle County, No. 429, Criminal Action, 1961.

DUFFY, J.:

On August 1, 1961, defendant was indicted under 11 *Del. C.* § 395 as an accomplice to fourth degree burglary. He has been in custody in Delaware since May 24, 1961.

The indictment charges that the offense was committed on November 2, 1958 and that defendant "did thereafter flee from justice within the meaning of 11 *Del. C.* § 2903".

Defendant moved to dismiss the indictment on the ground that prosecution is barred by the two-year statute of

limitations. 11 *Del. C.* § 2902.[1] For purposes of this motion, the parties stipulated to certain facts which are summarized as follows:

At all times material to the motion, defendant resided at the same street address in Philadelphia. He has lived in Philadelphia for 20 years. He was employed in Delaware from late 1945 to September 23, 1958, when he was laid off. He secured other employment in Delaware beginning November 21, 1958 and continuing through December 17, 1958, when he was temporarily laid off because work was not available. He was recalled on January 10, 1959 but could not report because he was hospitalized.

During the months of October, November and December 1958, when defendant was not employed, he received unemployment compensation paid by the Delaware Unemployment Commission; to receive this compensation, defendant appeared regularly at the Pennsylvania Unemployment Commission office in Philadelphia and there identified himself by name, address and Social Security number and reported on his efforts to obtain work. This data was transmitted to the Delaware Commission. According to the records of the Delaware Commission, during the period when defendant was unemployed, he sought work in Delaware and Pennsylvania.

Defendant was injured in an automobile accident in Philadelphia on January 2, 1959. He was hospitalized in Philadelphia for 10 days and was a hospital out-patient for 7 days. On January 3, 1959 he retained counsel to represent him in connection with the accident and suit was subsequently filed on his claim.

---

[1]Defendant also moved for dismissal of the indictment on the ground that it does not allege "essential facts" as required by Criminal Rule 7(c), *Del. C. Ann.,* and alternatively, for a bill of particulars. In the view I have taken of the case, it is not necessary to consider these motions.

Defendant was arrested on January 19, 1959 and has been in custody since that time; he was held in Pennsylvania until May 24, 1961, when he was delivered to Delaware authorities.

Defendant maintains that during the period November 2, 1958 until arrest in January 1959, he continued his normal pattern of living without substantial change and that he made no effort to conceal himself or to avoid arrest by Delaware authorities; the State has no evidence to contradict this assertion. It is agreed, however, that defendant was in Wilmington, Delaware, on November 2, 1958, the date when the alleged offense was committed.

The State represents that it has evidence that the defendant participated in the alleged burglary and that immediately after its commission, he left Delaware for Philadelphia. Defendant denies any participation in the burglary.

The issue for decision is whether or not prosecution is barred by the statute of limitations. Stated another way, do the above facts show that defendant fled from justice so that the statute was tolled during his absence?

The statute reads as follows:

"Nothing in this chapter [statutes of limitations] shall extend to any person fleeing from justice." 11 *Del. C.* § 2903. Many states have a comparable statute. See the annotation in 124 *A. L. R.* 1049. The Federal statute is substantially similar to ours:

"No statute of limitations shall extend to any person fleeing from justice." 18 *U. S. C. A.* § 3290.

The reported cases divide on the question as to whether or not intent of the defendant in leaving the jurisdiction is material. This dichotomy extends to the Federal courts, as demonstrated by the two opinions in *Donnell v. United States,*

5 *Cir.*, 1956, 229 *F.* 2d 560. See also the comment on this case in 104 *U. Pa. L. Rev.* 1111.

In *Donnell* the trial court held as a matter of law that defendant's absence from the jurisdiction tolled the statute and that his intent in remaining outside was immaterial. This is one approach and, in effect, it applies a criteria identical to that found in the decisions under extradition statutes. Compare the views of our own Supreme Court in *Golla v. State,* 1960, 159 *A.* 2d 585.

After considering various sides to the question, the Fifth Circuit reversed, saying:

"* * * in determining whether a person charged with crime will be denied the right to be protected by the statute of limitations, the purpose and intent of his absence is an important matter to be inquired into by the jury under the plain words of the statute and the decisions discussed." [229 *F.* 2d 564.]

■ It seems to me that this construction of the statute best gives effect to its language and purpose. In words, the statute excludes those who "flee"—in common meaning, those who run away, who seek to escape, who remove themselves from a given place or circumstance to avoid something. And in purpose the statute quite obviously carries an implication that limitation laws are not designed to shelter those who hide or run to escape prosecution. Conversely, those who do not should be entitled to its benefits.

This view is supported by the decision of this Court in *State v. Williams,* 1949, 6 *Terry* 61, 69 *A.* 2d 299, 301. There Judge Carey ordered an indictment quashed because it failed to show on its face that the State had a right to prosecute the defendant after the limitations period had run. And he pointed the way of decision here, saying:

"* * * In fact, aside from the *Bruce* case, every decision I have seen holds that the term 'fleeing from justice', when used in statutes of limitation such as this, requires an intent to avoid detection or prosecution for a crime. A person may flee from justice even though he remains within the jurisdiction; conversely, he may leave the jurisdiction without fleeing from justice. If an accused returns to his usual place of abode, does not conceal himself, or makes no other effort to avoid arrest, he has not fled from justice."

McKenzie was in Delaware on the day of the alleged offense and admittedly returned to his home in Philadelphia on that day or soon thereafter. But he returned to his usual place of abode and continued his normal pattern of living. He returned to work in Delaware, registered with a public agency in Pennsylvania, received assistance from a public agency in Delaware, sought work in both States, and, so far as I can see, made no effort to conceal himself. He asserts that he made no effort to conceal himself nor to avoid arrest by Delaware authorities, and the State has no evidence to contradict this assertion.

It seems to me that this whole pattern negatives a charge that McKenzie fled from justice within the meaning of the tolling statute. Indeed, the facts seem to come squarely within the situation visualized by Judge Carey in *Williams*.

Under the circumstances, I conclude that the State does not have sufficient evidence to submit the intent question to a jury. I therefore conclude as a matter of law that the statute of limitations has run and the indictment must be dismissed.