**STATE of Missouri, Respondent,**

v.

**Herbert DOVER, Appellant.**

**No. WD 34655.**

Missouri Court of Appeals,
Western District.

Dec. 13, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 31, 1984.

Application to Transfer Denied March 20, 1984.

the control of the Missouri Department of Corrections on December 30, 1976, and that he escaped therefrom on that date. He raises one point on appeal. Namely, that prosecution of the charged offense, a felony, was barred by the three-year limitation provision of § 541.200, RSMo 1969,[2] and therefore the trial court erred in not sustaining his motion for acquittal at the close of all the evidence.

Defendant's right to "avail" himself of the three-year limitation period is a sine qua non of the sole point he relies upon for appellate relief. This conclusion is inescapable as § 541.220, RSMo 1969, applicable in the instant case,[3] provided, insofar as here pertinent, that "[n]othing contained in . . . [section] 541.200 . . . *shall avail any person who shall flee from justice. . . .*" (emphasis added)

The apposite facts bearing on the interstitial issue posed by defendant's single point unfold as follows. When defendant escaped on December 30, 1976, his name was placed in both the national (NCIC) and state (MULES) "locator systems", all to no avail insofar as his immediate apprehension was concerned. Defendant returned to the Kansas City area immediately following his escape where, approximately six months later, he assumed the name of his brother, James D. Dover. A "real similar description" was common to both defendant and his brother, James D. Dover. Moreover, James D. Dover did not live in Missouri. Defendant, in order to enhance and perfect his assumed identity, secured a Social Security card, Missouri driver's license (with defendant's picture thereon), and a "library card", all in his brother's name. Following his escape, defendant frequently changed his place of residence in the Kansas City area. He rented living quarters in either his brother's name or his mother's name. He at no time rented living quarters under his own name.

Defendant was apprehended, purely by chance, on November 30, 1981, at approxi-

William M. Barvick, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P.J., and NUGENT and LOWENSTEIN, JJ.

SOMERVILLE, Presiding Judge.

Defendant was indicted on October 8, 1982, for escaping from the Church Farm, Missouri Department of Corrections, on December 30, 1976. Section 557.351, RSMo 1969.[1] A jury found him guilty as charged and assessed his punishment at two years imprisonment in the Missouri Department of Corrections. Judgment entered and sentence pronounced accordingly.

Defendant does not question that he was lawfully confined in an institution under

---

1. See § 556.031, RSMo 1978.

2. See § 556.031, RSMo 1978.

3. See § 556.031, RSMo 1978.

mately 10:00 P.M., when a Kansas City police officer, in response to an "intrusion alarm", discovered him "crouched" on the second floor of a building at 809 West 39th Street, Kansas City, Missouri. When asked for identification, defendant proffered a Missouri driver's license bearing his brother's name, James D. Dover, but containing the photograph of defendant. Defendant's true identity was not ascertained until after he was fingerprinted.

Defendant admitted at trial that he assumed his brother's name, James D. Dover, to conceal his true identity. The passage of time from escape to apprehension is a testimonial to its success.

Judicial construction of "flee from justice" in frame of reference of an accused availing himself of a three-year limitation period barring prosecution for a felony is found in *State v. Harvell,* 89 Mo. 588, 1 S.W. 837 (1886). Under § 1704, Rev.St. 1879, then in effect, prosecution of a felony was barred by a three-year limitation period. Section 1706, Rev.St.1879, then in effect, provided, inter alia, that "[n]othing contained in the two preceding sections [one of which was § 1704, Rev.St.1879] shall avail any person who shall flee from justice...." For all practical purposes, § 1706, Rev.St.1879, supra, is identical to § 541.220, RSMo 1969, applicable in the instant case. In *Harvell,* the Supreme Court held that it was not essential for an individual to leave the state before he could be regarded as a "fugitive from justice". *Id.* 1 S.W. at 838. "If he successfully hides or conceals himself, so as to evade punishment for his crime, although such concealment may be upon his own premises, he is as much a fugitive from justice as if he had escaped into Canada." *Id.* The ultimate holding in *Harvell* was that the defendant therein could not "avail" himself of the three-year period of limitation by virtue of § 1706, Rev.St.1879. *State v. Harvell,* supra, was cited and followed in *State v. Miller,* 188 Mo. 370, 87 S.W. 484, 487 (1905), and *State v. Snyder,* 182 Mo. 462, 82 S.W. 12, 23 (1904). No cases of more recent vintage have been found.

Defendant purports to rely upon two out-state cases, *State v. Pringle,* 147 Wash. 555, 266 P. 196 (1928), and *State v. Walker,* 218 N.W.2d 599 (Iowa 1974), to override the consequence of § 541.220, RSMo 1969 vis-a-vis the salient facts disclosed by the record. Neither case is persuasive as they deal with the construction of statutes making "concealment" of a fugitive from justice an offense.

When the previously iterated evidence is juxtaposed with the meaning of "flee from justice" as construed in *State v. Harvell,* supra, and its progeny, the trial court was eminently justified in denying defendant's motion for acquittal at the close of all the evidence. The course of the evidence disclosed a contrived, simplistic, but highly successful scheme on defendant's part to conceal his identity and effectively "flee from justice", thereby avoiding apprehension for escape from Church Farm during the interim of June 30, 1977 (approximately six months after his escape on December 30, 1976) and November 30, 1981, the date he was apprehended for another offense and his true identity ascertained. Perforce, he was not entitled to "avail" himself of the three-year limitation period prescribed in § 541.200, RSMo 1969.

Judgment affirmed.

All concur.

