**Ashley E. MORSE, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. SC 91777.**

Supreme Court of Missouri,
En Banc.

Nov. 15, 2011.

John W. Grantham, Attorney General's Office, Jefferson City, for the director.

Morse, who did not submit a brief or argue this case, did not have an attorney.

RICHARD B. TEITELMAN, Chief Justice.

The director of revenue appeals from a judgment ordering her to stay the suspension and reinstate the driving privileges of Ashley Morse. The judgment is reversed.

### FACTS

Ashley Morse was 19 years old when she was arrested for driving while intoxicated in violation of section 577.010, RSMo 2000.[1] The director administratively suspended Morse's license for 90 days pursuant to section 302.505.2.[2] Morse completed the

---

1. All references to statutes are to RSMo 2000.

2. Section 302.505 requires the director to administratively suspend the driver's license of any person under the age of 21 who is "stopped upon probable cause to believe such person was driving while intoxicated in violation of section 577.010."

ninety-day suspension. Morse also completed the other requirements for reinstatement of her license by completing a substance abuse traffic offender program, showing proof of liability insurance coverage and paying reinstatement fees.

In addition to the administrative license suspension, the state filed criminal driving while intoxicated (DWI) charges against Morse. Morse received a suspended imposition of sentence. Morse violated the conditions of her probation and, in April 2008, was convicted of DWI.

Following Morse's DWI conviction, the director assessed eight points on Morse's driver's license. The director sent Morse a letter informing her that her driving privileges would be suspended for 30 days pursuant to section 302.304. The letter also informed Morse that, in addition to the 30–day suspension, she once again had to complete the substance abuse traffic offender program, show proof of liability insurance coverage and pay reinstatement fees. Morse filed a petition for de novo review pursuant to section 302.311.

Morse argued that, pursuant to section 302.525.4, her first administrative suspension had to be credited against the second administrative suspension because both suspensions arose from the same DWI arrest. The director conceded that section 302.525.4 did require her to credit the first suspension against the second, which in Morse's case meant that the entire 30–day second suspension was to be treated as already served. However, the director

maintained that Morse had not completed the other statutory requirements for reinstatement and so was not entitled to reinstatement of her driving privileges until she completed the substance abuse traffic offender program, showed proof of liability insurance coverage and paid reinstatement fees.

The trial court entered a judgment in favor of Morse. The court concluded that requiring Morse to complete the treatment program, show proof of insurance and pay reinstatement fees again would violate section 302.525 by not giving her credit for her previous "period of suspension." The director appeals.

## ANALYSIS

■ Section 302.525.4 requires the director to credit Morse's first "period of suspension" to her second suspension because both suspensions arise from the same occurrence.[3] On appeal, the director concedes that Morse does not again have to complete the substance abuse traffic offender program because section 302.540 provides that completion of the treatment program must be credited if, as in this case, two suspensions arise out of the same occurrence. The director asserts that the phrase "period of suspension" refers only to the time Morse's license was suspended and that Morse still has to show proof of insurance and pay reinstatement fees. The trial court held that the "period of suspension" refers both to the time Morse's license was suspended and the

3. Section 302.535.4 provides:
  Where a license is suspended or revoked under this section and the person is also convicted on charges arising out of the *same occurrence* for a violation of section 577.010 or 577.012, RSMo, or for a violation of any county or municipal ordinance prohibiting driving while intoxicated or alcohol-related traffic offense, both the suspension or revocation under this section

  and any other suspension or revocation arising from such convictions shall be imposed, but the *period of suspension* or revocation under sections 302.500 to 302.540 shall be credited against any other suspension or revocation arising from such convictions, and the total period of suspension or revocation shall not exceed the longer of the two suspension or revocation periods. (Emphasis added).

additional requirements for reinstatement such as proof of insurance and the payment of reinstatement fees. The trial court's interpretation is correct.

■ When interpreting a statute, the primary goal is to give effect to legislative intent as reflected in the plain language of the statute. *State v. Salazar*, 236 S.W.3d 644, 646 (Mo. banc 2007). If statutory language is not defined expressly, it is given its plain and ordinary meaning, as typically found in the dictionary. *Derousse v. State Farm Mut. Auto. Ins. Co.*, 298 S.W.3d 891, 895 (Mo. banc 2009).

The phrase "period of suspension" is not statutorily defined. The plain language, dictionary definition of the word "period" is a "[l]ength of existence ... a temporal unit of measure." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993). Consequently, the phrase "period of suspension" refers only to the length of time during which Morse's license was suspended and does not refer to reinstatement requirements such as proof of insurance or payment of reinstatement fees. The trial court erred in holding that giving Morse credit for her first "period of suspension" eliminates her obligation to offer proof of insurance and to pay reinstatement fees to obtain reinstatement of her driver's license.

The judgment is reversed.

RUSSELL, BRECKENRIDGE, FISCHER, STITH and PRICE, JJ., and MARTIN, Sp.J., concur.

DRAPER, J., not participating.