

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Appellant, | ) | WD78595 |
| | ) | |
| v. | ) | OPINION FILED:  April 19, 2016 |
| | ) | |
| ARYANNA F. CHASE, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable W. Brent Powell, Judge

Before Division One:  Lisa White Hardwick, Presiding Judge, Thomas H. Newton, Judge
and Cynthia L. Martin, Judge

The State of Missouri appeals a judgment granting Aryanna F. Chase's ("Chase")

motion to dismiss a charge against her for unlawful possession of a firearm in violation of

section 571.070.[1]  The State argues that the trial court erred in dismissing the charge

against Chase because she was a fugitive from justice under the plain meaning of that

phrase.  Finding no error, we affirm.

---

[1]All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

**Factual and Procedural Background[2]**

On March 10, 2015, Kansas City police officers responded to 2601 E. Euclid Avenue after receiving a call that a stolen car was parked at that location. While driving to the location, officers learned that Chase was registered to that address and had an outstanding warrant for failing to appear in court for felony possession of a controlled substance.

When officers arrived, they found the stolen car parked behind the residence. Chase's mother, the homeowner, allowed officers to enter the residence and to contact Chase about the stolen car. After Chase exited her bedroom, she was taken into custody on the outstanding warrant. While in custody, Chase asked an officer to go back into her bedroom and get her black pants, suggesting that they might be on the bed. The officer lifted a bed comforter to look for the pants and found a closed rifle case protruding from between the comforter and a Styrofoam bed pad. A Daisy .22 caliber bolt action rifle, loaded with eleven live rounds, was located inside the case. Officers seized the gun, and Chase was placed on a 24-hour hold in the detention unit for unlawful use of a weapon.

On March 11, 2015, Chase was read, and waived, her *Miranda*[3] rights. Chase said that she knew she had an outstanding warrant for failing to appear in the drug possession case and that she had known about the warrant since February 2015. Chase said she owned the rifle found in her bedroom and that she had it for about two weeks. The Jackson County prosecuting attorney filed a complaint charging Chase with unlawful

[2]The ultimate facts of the case have not been established since the trial court dismissed the unlawful possession of a firearm charge against Chase. "At this stage of litigation, the facts . . . are provided by the allegation in the state's information and probable cause affidavit." *State v. Richard*, 298 S.W.3d 529, 532 (Mo. banc 2009).

[3]*Miranda v. Arizona*, 384 U.S. 436 (1996).

possession of a firearm, a class C felony, under section 571.070. The complaint alleged that Chase was in possession of a Daisy .22 caliber bolt-action rifle, that on August 20, 2014, Chase was charged in Jackson County with felony possession of a controlled substance, and that Chase was a fugitive from justice because she failed to appear for a court hearing on February 18, 2015. An information was subsequently filed.

On April 6, 2015, Chase filed a motion to dismiss the unlawful possession of a firearm charge. Chase argued that the phrase "fugitive from justice" was ambiguous and that the charge against her must be dismissed. The State responded that Chase was a "fugitive from justice" under the plain meaning of that phrase. The trial court dismissed the unlawful possession of a firearm charge against Chase in a judgment on April 24, 2015.

The State timely appealed.

## Standard of Review

Generally, we "review the circuit court's ruling on a motion to dismiss for an abuse of discretion." *State v. Clinch*, 335 S.W.3d 579, 583 (Mo. App. W.D. 2011). But "[w]hen the facts are uncontested and the only issue is a matter of statutory construction, we review the circuit court's dismissal of a felony complaint under a *de novo* standard." *State v. Smothers*, 297 S.W.3d 626, 632 (Mo. App. W.D. 2009). "The interpretation of a statute is a pure question of law, and therefore we give the circuit court's interpretation no deference." *Id.*

3

**Analysis**

In its sole point on appeal, the State argues that the trial court erred in dismissing the unlawful possession of a firearm charge against Chase because she was a "fugitive from justice" under the plain meaning of that phrase in section 571.070.1(2). We disagree.

Section 571.070.1 provides:

> 1. A person commits the crime of unlawful possession of a firearm if such person knowingly has any firearm in his or her possession and:
>
> (1) Such person has been convicted of a felony under the laws of this state, or of a crime under the laws of any state or of the United States which, if committed within this state, would be a felony; or
>
> (2) Such person is a ***fugitive from justice***, is habitually in an intoxicated or drugged condition, or is currently adjudged mentally incompetent.

(Emphasis added). "When interpreting a statute, the primary goal is to give effect to legislative intent as reflected in the plain language of the statute." *Morse v. Dir. of Revenue*, 353 S.W.3d 643, 645 (Mo. banc 2011) (citing *State v. Salazar*, 236 S.W.3d 644, 646 (Mo. banc 2007)). "If statutory language is not defined expressly, it is given its plain and ordinary meaning, as typically found in the dictionary." *Morse*, 353 S.W.3d at 645 (citing *Derousse v. State Farm Mut. Auto. Ins. Co.*, 298 S.W.3d 891, 895 (Mo. banc 2009)).

Our prior decision in *State v. Rodgers*, 396 S.W.3d 398 (Mo. App. W.D. 2013) compels the resolution of this case in favor of Chase. "Under the *stare decisis* doctrine, a court follows earlier judicial decisions when the same point arises again in litigation." *State v. Banks*, 457 S.W.3d 898, 903 n.5 (Mo. App. W.D. 2015) (internal quotations

4

omitted). "Where the same or an analogous issue was decided in an earlier case, such case stands as authoritative precedent unless and until it is overruled." *Id.*

In *Rodgers*, a defendant was contacted by a plain clothes police officer about an outstanding warrant for leaving the scene of an accident. *Id.* at 399. Upon seeing an approaching patrol car, the defendant took off running and threw a gun on the ground that had been tucked into his waistband. *Id.* The defendant was apprehended and charged with unlawful possession of a firearm based on the allegations that he knowingly possessed a firearm and was a fugitive from justice under section 571.010.1. *Id.* at 399-400. We upheld the trial court's dismissal of the charge, observing that the phrase "fugitive from justice" is "not defined in section 571.070, nor in the remainder of that chapter, nor in the remainder of the Criminal Code" and that "no previous Missouri case has defined the phrase in the context presented by this case." *Id.* We found that "the meaning of 'fugitive from justice' as used in section 571.070.1(2) is ambiguous, and a proper analysis of the meaning of 'fugitive from justice' as used in section 571.070.1(2) is elusive." *Id.* at 402. "Review of the law from the United States Code and from our sister states on unlawful possession of firearms by fugitives from justice, as well as the dictionary definition of the term, reveals the ambiguity of the term 'fugitive from justice,' and the highly varied results reached by different entities analyzing it." *Id.* Finally, we rejected the State's argument in *Rodgers* that the defendant was a "fugitive from justice" under the plain meaning of that phrase as it is defined by the Sixth Edition of Black's Law Dictionary, dictionary.reference.com, lookwayup.com, and freedictionary.org, holding that "[c]learly, there are many reasonable meanings of 'fugitive from justice'" and that

5

"[w]here a criminal statute is ambiguous, as section 571.070.1(2) is, 'the rule of lenity mandates that all ambiguity . . . be resolved in a defendant's favor.'" *Id.* at 403 (quoting *Fainter v. State*, 174 S.W.3d 718, 721 (Mo. App. W.D. 2005)).

Here, the State argues that Chase was a "fugitive from justice" under the plain meaning of that phrase as it is defined by several dictionaries, and that we should revisit *Rodgers* because it did not restrain its determination of ambiguity to dictionary definitions. Plainly, *Rodgers* did address the lack of a settled and consistent dictionary definition for the phrase "fugitive from justice." *Id.* We find no fault in the fact that *Rodgers* bolstered its ambiguity analysis by reference to competing definitions for the phrase used in other jurisdictions. More to the point, even if we look only to dictionary definitions, there is no settled definition of "fugitive from justice" that clearly explains the conduct an accused must engage in to violate section 571.0101.1. The State's Brief, in fact, cites to several dictionary definitions of "fugitive from justice" from the Sixth Edition of Black's Law Dictionary, dictionary.reference.com, lookwayup.com, and freedictionary.org and includes additional definitions from Wikipedia.org, nolo.com, and vocabulary.com. [Appellant's Brief, p. 14-15] The State acknowledges that each of the definitions it offers "use slightly different language" but argues that "the gist of the definitions is the same." [Appellant's Reply Brief, p. 7] We disagree. Some of the definitions require flight outside the jurisdiction. Some require only that someone is being sought by law enforcement. Some require an affirmative act of hiding or eluding capture. The varied dictionary definitions cited by the State are demonstrative of the point made in *Rodgers*. "Ambiguity exists if a term is reasonably susceptible to more

6

than one meaning." *Rodgers*, 396 S.W.3d at 402 (citing *State v. Liberty*, 370 S.W.3d 537, 548 (Mo. banc 2012)). We decline to depart from our reasoning in Rodgers and hold that the phrase "fugitive from justice" in section 571.010.1(2) is ambiguous. "To the extent this case involves the same or analogous issues as our prior opinion, *stare decisis* dictates that [we] follow our prior opinion." *Banks*, 457 S.W.3d at 903 n.5.

We similarly reject the State's argument that we should reconsider our holding in *Rodgers* in light of *State v. Harvell*, 89 Mo. 588, 1 S.W. 837 (Mo. 1886), *State v. Dover*, 664 S.W.2d 560 (Mo. App. W.D. 1983), and *State v. Wright*, 763 S.W.2d 167 (Mo. App. W.D. 1988). In *Harvell*, the Supreme Court considered whether the statute of limitations at the time barred prosecution of a defendant for grand larceny and stated that "[o]ne who commits an offense, and conceals himself to avoid arrest, is a fugitive from justice." *Harvell*, 1 S.W. at 838. In *Dover*, a defendant was described as a "fugitive from justice" when he escaped from the Missouri Department of Corrections and hid in Kansas City. *Dover*, 664 S.W.2d at 562. In *Wright*, a defendant was referred to as a "fugitive from justice" when he failed to appear for sentencing and absconded for several months while free on bail. *Wright*, 763 S.W.2d at 168. The use of the phrase "fugitive from justice" in each of these cases, which varied based on the context of the case, simply reinforces our holding in *Rodgers* that "[c]learly, there are many reasonable meanings of 'fugitive from justice.'" *Rodgers*, 396 S.W.3d at 402. More to the point, none of these cases involved construction of the phrase "fugitive from justice" where that phrase constitutes an essential element of a crime. As the State bears the burden to establish each element of a charged offense beyond a reasonable doubt, it follows that the State cannot sustain its

7

burden when an essential element of a charged offense lacks a clear and accepted definition. Proof of this point is made by the State's oral argument. At times the State urged that a mere failure to appear could support a conviction for violation of section 571.010.1, unless the accused could prove he or she merely forgot to appear, or had some other excuse that did not involve the purpose to evade or elude prosecution. At other times, the State suggested that the mere issuance of a warrant could support a conviction for violation of section 571.010.1 unless the accused could demonstrate no knowledge of the warrant. In its Brief, the State argues that the "core" definition of "fugitive from justice" requires only that an accused knows of charges and a court date and fails to appear (regardless the reason). [Appellant's Brief, p. 20] Yet in the next sentence, the State cites to *Harvell* for the proposition that one must "conceal himself to avoid arrest" in order to be a fugitive from justice, even though "concealment" is not a part of the "core" dictionary definition the State suggests we should adopt. [Appellant's Brief, p. 20]

Because the phrase "fugitive from justice" in section 571.010.1(2) is ambiguous, "'the rule of lenity mandates that all ambiguity . . . be resolved in a defendant's favor.'" *Id.* (quoting *Fainter*, 174 S.W.3d at 721). "Under the rule of lenity, an ambiguous criminal statute is construed strictly against the government and liberally in favor of a defendant." *Rodgers*, 396 S.W.3d at 403. "Any doubt as to whether the act charged and proved is embraced within the prohibition must be resolved in favor of the accused." *Id.* "The rule of lenity applies to interpretation of statutes only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what the legislature intended." *Id.*

Here, the State argues that Chase was a "fugitive from justice" because she admitted that she was wanted on a felony warrant and she failed to appear for a court date while out on bond. However, Chase would not be a "fugitive from justice" if other dictionary definitions of the phrase are employed. "The fact that [Chase] was not a 'fugitive from justice' under multiple reasonable interpretations of the term is decisive in this appeal; we need not adopt a definitive definition of the term to decide this appeal."[4] *Id.* By strictly construing the phrase "fugitive from justice" as used in section 571.010.1(2), we conclude that Chase's alleged conduct is not encompassed by the statute.

The State's sole point on appeal is denied.

### Conclusion

The trial court did not err in dismissing the charge of unlawful possession of a firearm against Chase.

_____
Cynthia L. Martin, Judge

All concur.

---

[4]As we said in *Rodgers*, we again respectfully suggest that the General Assembly may wish to adopt a precise definition of the phrase "fugitive from justice" for purposes of section 571.010.1(2) to avoid future interpretive difficulties.