Troy B. FAINTER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 65021.

Missouri Court of Appeals,
Western District.

Nov. 1, 2005.

Melinda Kay Pendergraph, State Public Defender Office, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Shaun Mackelprang, Office of Attorney General, Jefferson City, for Respondent.

PAUL M. SPINDEN, Presiding Judge.

Troy B. Fainter appeals the circuit court's judgment to deny his Rule 24.035 motion without an evidentiary hearing. Fainter pleaded guilty to a Class D felony[1] of stealing a riding lawn mower. He contends that the guilty plea record failed to establish a sufficient factual basis for felony stealing because a riding lawn mower was not a motor vehicle under Section 570.030.3(3)(a), RSMo 2000. We agree and reverse the circuit court's judgment and remand for an evidentiary hearing.

The issue in this case is whether or not the circuit court erred in refusing to grant Fainter an evidentiary hearing on his Rule 24.035 motion—not whether Fainter is entitled to relief. *See Masden v. State,* 62 S.W.3d 661, 664–65 (Mo.App. 2001). Our review of the circuit court's ruling on a Rule 24.035 motion is limited to

---

1. Section 570.030, RSMo 2000, provides that stealing a motor vehicle is a Class C felony, not a Class D felony as charged.

determining whether or not its findings and conclusions are clearly erroneous. Rule 24.035(k). To be entitled to an evidentiary hearing on a motion for post-conviction relief, a movant must (1) allege facts—not conclusions—which, if true, would be the basis for relief in that they (2) establish that the movant's case was prejudiced and (3) the facts are not refuted by the record. *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997). The circuit court may deny an evidentiary hearing if any of these elements is missing. *Wedlow v. State,* 841 S.W.2d 214, 216 (Mo.App. 1992).

■ In his amended Rule 24.035 motion, Fainter alleged, "Movant's guilty plea was rendered involuntary, unknowing, and unintelligent because the Court failed to comply with Rule 24.02(e) and require that a sufficient factual basis existed on the record before accepting movant's plea to the charge of felony stealing[.]" Fainter asserted that the circuit court did not have sufficient facts from which to conclude that the riding lawn mower was a motor vehicle. We agree.

■ Rule 24.02(e) says, "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Before accepting the guilty plea, the circuit court must "determine facts which defendant admits by his plea and that those facts would result in defendant['s] being guilty of the offense charged." *Hoskin v. State,* 863 S.W.2d 637, 639 (Mo.App.1993). If the facts presented to the court during the guilty plea hearing do not establish the commission of the offense, the court should reject the guilty plea. *Holloway v. State,* 989 S.W.2d 216, 219 (Mo.App.1999), *over-ruled on other grounds by State v. Withrow,* 8 S.W.3d 75 (Mo. banc 1999).

"A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." Section 570.030.1, RSMo 2000. Section 570.030.3(3)(a), RSMo 2000, provides that stealing is a Class C felony if "[t]he property appropriated consists of ... [a]ny motor vehicle, watercraft or aircraft[.]" Chapter 570, RSMo, does not define the term "motor vehicle" for the purpose of the stealing statute.

In support of its argument that a riding lawn mower is a motor vehicle, the state relies on *Stonger v. Riggs,* 85 S.W.3d 703 (Mo.App.2002), in which this court held that a riding lawn mower was a "motor vehicle" as that term was used in Section 304.012, RSMo 2000.[2] The *Stonger* court, however, was not working without a statutory definition as we are in this case. The *Stonger* court noted that Section 301.010(33), RSMo 2000, defined "motor vehicle" for purposes of Section 304.012 as " 'any self propelled vehicle not operated exclusively upon tracks, except farm tractors.' " *Id.* at 707 (quoting Section 301.010(33)). Moreover, the court noted, Section 301.010(64) defined "vehicle" as " 'any mechanical device on wheels, designed primarily for use, or used, on highways, except motorized bicycles, vehicles propelled or drawn by horses or human power, or vehicles used exclusively on fixed rails or tracks, or cotton trailers or motorized wheelchairs operated by handicapped persons.' " *Id.* (quoting Section 301.010(64)). From these definitions, the

2. Section 304.012.1 says, "Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care."

*Stonger* court concluded that, because the defendant was using the riding lawn mower on a road or highway when the accident occurred, the riding lawn mower was a "vehicle." *Id.* at 708; *see also Covert v. Fisher*, 151 S.W.3d 70 (Mo.App.2004) (golf cart was "motor vehicle" under Sections 302.010(9) and 302.010(23), RSMo 2000, because it was used on highway).

The *Stonger* court expressly noted, however, that "several statutes ... separately define 'motor vehicle' for various purposes, and what may be considered a 'motor vehicle' for one statute may not be considered a 'motor vehicle' for another." 85 S.W.3d at 708. Indeed, the Supreme Court, in *Trailiner Corporation v. Director of Revenue*, 783 S.W.2d 917, 921 (Mo. banc 1990), noted that its "perusal of [the] statutes" found that the General Assembly had defined "motor vehicle" "no less than ten times through the various chapters." According to the *Trailiner* court, each definition "differs to meet the discrete goals addressed during adoption of the several statutes." *Id.*

The state asserts that the purpose of the stealing statute is to deter and to punish theft of "any motor vehicle" and that the term should be read to mean "every motor vehicle, including riding lawn mowers, golf carts, tractors or even Zambonis." As the *Trailiner* court noted, however, the distinct identity of a motor vehicle is its *primary* designed function to transport persons and things. *Id.* (citing *State v. Harper*, 353 Mo. 821, 184 S.W.2d 601, 605 (1945)). Although a riding lawn mower is designed to transport a person, its primary function is to cut grass.

Furthermore, the rule of lenity mandates that all ambiguity in a criminal statute be resolved in a defendant's favor. *State v. Harper*, 855 S.W.2d 474, 479 (Mo.

App.1993). Under this rule, we are to construe a criminal statute strictly against the government and liberally in a defendant's favor. *Goings v. Missouri Department of Corrections*, 6 S.W.3d 906, 908 (Mo. banc 1999). "Any doubt as to whether the act charged and proved is embraced within the prohibition must be resolved in favor of the accused." *State v. Jones*, 899 S.W.2d 126, 127 (Mo.App.1995). The rule of lenity applies to interpretation of statutes only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what the legislature intended. *United States v. Wells*, 519 U.S. 482, 499, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997). Because the legislature chose not to define "motor vehicle" for the purpose of the stealing statute, we are left to guess whether it intended to include a riding lawn mower within the term "motor vehicle."

In view of the rule of lenity and the Supreme Court's recognition that the primary function of a motor vehicle is to transport people and things, a strict construction of the statute leads us to the conclusion that the legislature did not intend to include a riding lawn mower within the term "motor vehicle" in Section 570.030.3(3)(a). We conclude, therefore, that Fainter's Rule 24.035 motion alleged facts warranting relief that are not refuted by the record and that he demonstrated prejudice; thus, Fainter was entitled to an evidentiary hearing. We reverse the circuit court's judgment and remand for an evidentiary hearing.[3]

VICTOR C. HOWARD, Judge, and RONALD R. HOLLIGER, Judge, concur.

---

**3.** On remand, Fainter acknowledges that, if    the circuit court grants him relief on his post-

conviction motion, he may be sentenced to the lesser included offense of misdemeanor stealing. The lawn mower had a value of $600. Under the statute in effect at the time of Fainter's offense, stealing was a Class C felony if the value of the property or services appropriated was $750 or more. Section 570.030.3(1), RSMo 2000. The statute's value has since been amended to "five hundred dollars or more but less than twenty-five thousand dollars." Section 570.030.3(1), RSMo Supp.2004.