STATE of Missouri, Respondent,

v.

Ozie BANKS, Appellant.

No. WD 66035.

Missouri Court of Appeals,
Western District.

April 15, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 27, 2008.

Application for Transfer Denied
Aug. 26, 2008.

Shaun J. Mackelprang, Jefferson City, MO, for appellant.

Susan L. Hogan, Kansas City, MO, for respondent.

Before HARDWICK, P.J., SMART and WELSH, J.J.

LISA WHITE HARDWICK, Judge.

Following a bench trial, the circuit court convicted Ozie Banks of forcible rape and sodomy and sentenced him to consecutive fifty-year prison terms on each count. On appeal, Banks contends the court erred in denying his motion to enforce a prior plea agreement and to dismiss the charges. He also contends the court erred in applying the law on sentencing because the fifty-year prison terms exceeded the statutory maximum for his offenses. We affirm in part, reverse in part, and remand the cause for re-sentencing.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 22, 1986, T.T. was raped and sodomized by an attacker in her apartment, located in the Westport area of Kansas City. Police were unable to identify a suspect in the crime until eighteen years later, in February 2004, when a DNA profile was completed on the spermatozoa found on vaginal and rectal swabs retained from T.T.'s rape examination. The profile matched the DNA of Ozie Banks. On June 11, 2004, Banks was indicted on one count of forcible rape, Section 566.030, RSMo Cum.Supp.1984, and one count of forcible sodomy, Section 566.060, RSMo Cum.Supp.1984, in connection with the assault against T.T.

Banks filed a motion to enforce a prior plea agreement and to dismiss the rape and sodomy charges. Banks argued that he pled guilty to three offenses in 1991 and, in exchange, the State had promised not to file additional charges regarding any other crimes he may have been involved in prior to that time. Following a hearing, the circuit court denied the motion to enforce the plea agreement and allowed the charges to proceed to trial.

Banks waived his right to a jury trial. The circuit court found Banks guilty of both charges as class A felonies and sentenced him to consecutive prison sentences of fifty years for forcible rape and fifty years for sodomy. Banks appeals.

## ANALYSIS

### A. Motion to Enforce 1991 Plea Agreement and to Dismiss Charges

In his first point, Banks contends the circuit court erred in refusing to enforce a 1991 plea agreement in which the State promised not to file additional charges against him. Banks asserts the State "reneged" on the agreement by prosecuting him in connection with the 1986 sexual assault of T.T. Based on this alleged violation of the plea bargain, Banks argues that he was entitled to specific performance by dismissal of the forcible rape and sodomy charges.

On appeal of a motion to dismiss for breach of a plea agreement, we review the circuit court's decision for abuse of discretion and will reverse only if the decision is clearly erroneous. *State v. Wright,* 120 S.W.3d 792, 794 (Mo.App.2003); *Proctor v. State,* 809 S.W.2d 32, 35–36 (Mo.App. 1991).

When a guilty plea depends in any significant degree on a promise by or agreement with the prosecutor such that the promise or agreement could be charac-

terized as inducement or consideration of the plea, the promise must be fulfilled. *Ivory v. State*, 211 S.W.3d 185, 188 (Mo. App.2007). If the prosecutor breaches such an agreement, the defendant is entitled to relief of specific performance or withdrawal of the guilty plea. *Evans v. State*, 134 S.W.3d 725, 727–28 (Mo.App. 2004); *Santobello v. New York*, 404 U.S. 257, 267, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (Douglas J. concurring). However, the defendant is not entitled to rely on an unrealized expectation in seeking relief if the expectation is unreasonable. *Forsythe v. State*, 779 S.W.2d 309, 311 (Mo.App. 1989). "Where there is no reasonable basis for the belief in light of the guilty plea record, [the defendant] is not entitled to relief." *McMahon v. State*, 569 S.W.2d 753, 758 (Mo.banc 1978).

█ The facts underlying Banks' motion to enforce plea agreement/motion to dismiss are as follows. On April 25, 1991, Banks agreed to a plea bargain on charges arising from three separate cases. In CR90–2503, Banks pled guilty to rape and armed criminal action in exchange for consecutive ten-year prison sentences on each count. In CR91–2085, Banks pled guilty to first-degree attempted burglary, and in CR91–2086, he pled guilty to second-degree burglary. In exchange for these pleas, Banks was sentenced to three-year terms for each burglary count, to run concurrently with each other and the sentences in CR90–2503. All three of the cases involved crimes that occurred in the Westport area during 1990.

At the plea hearing, the prosecutor informed the court that Banks had been a suspect in two other rape cases for which the State had declined to file charges as a result of the plea bargain. The prosecutor explained that some of the State's evidence would not have been admissible at trial due to the misconduct of a police detective,

Ashley Hurn, in investigating a series of rape cases in the Westport area during 1990. The prosecutor summarized the plea bargain as follows:

Additionally, the State promises not to file any other cases for which Mr. Banks may have been a suspect in this series of offenses. The State has been provided with only two police files regarding additional cases. So for the record, I will state that as a result of the plea today the State will decline charges in the police file number 90–007936 and 90–035634. Should there be any other cases brought to our attention, again, pursuant to this series of offenses, they will not be filed upon by our office as a result of this plea bargain.

The court accepted the plea bargain after Banks said he understood the terms and agreed that it was in his best interest.

Banks was incarcerated pursuant to the plea bargain. The Parole Board scheduled him for release on May 29, 2004. Four days prior to his anticipated release, police notified Banks that DNA testing had linked him to the 1986 sexual assault of T.T. He was subsequently returned to Kansas City to face charges of forcible rape and sodomy.

Banks moved to dismiss the charges based on the 1991 plea agreement. He provided the court with a copy of the plea hearing transcript. He argued that, in exchange for his guilty plea, the State had agreed to waive prosecution of any other crimes he committed prior to the plea. The circuit court overruled the motion based on the statements made by the prosecutor at the 1991 plea hearing. The court noted that Banks was a suspect in other crimes at that time and that Detective Hurn was involved in all of the investigations. The prosecutor had promised not to file additional charges in "this series of offenses" for which Banks was under po-

lice investigation. Because the offenses under investigation by Hurn all occurred during 1990, the court concluded that the 1986 rape and sodomy of T.T. was not in the "series of offenses" waived by the plea agreement.

Based on our review of the record, we find no abuse of discretion in the circuit court's denial of the motion to enforce the prior plea agreement. In addition to the reasons explained by the court, the record further supports a finding that Banks is not entitled to dismissal of the charges because there was no reasonable basis for his belief that the State waived prosecution of the 1986 crimes.

■ Banks argues on appeal that the prosecutor made a "clear promise ... that the State would not file any other cases for which [he] would have been a suspect." At the hearing on his motion to enforce the plea agreement, Banks testified to his belief that if he pled guilty to the charges he faced in 1991, he would not have to worry about "facing any other charges, period." This belief was unreasonable in light of the prosecutor's explanation of the plea agreement and Banks' acknowledgement at the plea hearing that he fully understood its terms and benefits. "When a [defendant] claims to have suffered from a mistaken belief about his sentence, we look at the record of the guilty plea to determine whether that belief is reasonable." *McCall v. State*, 771 S.W.2d 357, 359 (Mo. App.1989).

Contrary to Banks' belief, the transcript of the guilty plea hearing indicates that "the State promise[d] not to file any other cases *for which Mr. Banks may have been a suspect in this series of offenses.*" (Emphasis added.) The prosecutor's express language refutes any suggestion that the State exonerated Banks from any and all crimes that he might have committed prior to 1991. In limiting the State's promise to "this series of offenses," the prosecutor was referring to the police department's investigation of several rapes that occurred in the Westport area during 1990. Banks was identified as a suspect in five of the rape cases, but the State decided to charge him in only three of the cases. The prosecutor clearly explained that the State was only waiving its right to prosecute Banks for those cases in which he had been identified as a suspect.

There is nothing in the record to indicate that Banks was a suspect in the sexual assault of T.T. at the time of the plea hearing in 1991. The assault occurred in 1986, but Banks was not identified as a suspect until 2004 when DNA testing was conducted on samples taken from T.T.'s rape examination. Because the State plainly limited its waiver to those cases where Banks was a known suspect in 1991, it was not barred from charging him with additional crimes for which the police later learned of Banks' involvement. Point I is denied, as the circuit properly refused to dismiss the rape and sodomy charges.

### B. Sentencing

■ In Point II, Banks contends the court plainly erred in sentencing him to fifty year prison terms for forcible rape and sodomy because the maximum term for those offenses was thirty years at the time the crimes were committed in 1986. The court sentenced Banks under Sections 566.030.2 and 566.060.2, RSMo 2000,[1] even though those provisions were not in effect when he sexually assaulted T.T. Our court has recognized that a defendant must be "sentenced according to the law in effect at

---

1. Sections 566.030 and 566.060, RSMo 2000, provide that the authorized sentence for forcible rape and forcible sodomy while displaying a dangerous object is "life imprisonment or a term of years not less than ten years."

the time the offense was committed unless a lesser punishment is required by a change in the law creating the offense itself." *State v. Johnson,* 150 S.W.3d 132, 138 (Mo.App.2004).

Banks was convicted of the class A felonies of forcible rape and sodomy under Sections 566.030.2 and Section 566.060.2, RSMo Cum.Supp.1984. In 1986, when the crimes were committed, the authorized prison sentence for a class A felony was "a term of years not less than ten years and not to exceed thirty years, or life imprisonment." Section 558.011.1(1) RSMo Cum. Supp.1984.

Since 1986, there has not been a change in the law creating the offenses that would require a lesser punishment. Instead, the forcible rape and sodomy laws have been revised to allow a *greater* maximum term of years than was authorized by the statutes in effect at the time the crimes occurred. *See* Sections 566.030.2 and 566.060.2, RSMo 2000. Because the change in the law did not benefit Banks, he should have been sentenced under the law as it existed in 1986.

The State concedes the error and requests that the cause be remanded for re-sentencing consistent with the requirements of Section 558.011.1(1) RSMo Cum. Supp.1984. The point is granted.

### Conclusion

The judgment is reversed with regard to the sentences imposed for forcible rape and sodomy. The cause is remanded for re-sentencing pursuant to Section 558.011.1(1) RSMo Cum.Supp.1984. In all other respects, the judgment of conviction is affirmed.

All Concur.