STATE of Missouri, Appellant,

v.

Gregory Allan RODGERS, Respondent.

No. WD 74912.

Missouri Court of Appeals,
Western District.

Feb. 5, 2013.

Motion for Rehearing and/or Transfer
to Supreme Court Denied March
5, 2013.

Application for Transfer to Supreme
Court Denied April 30, 2013.

Karen L. Kramer, Jefferson City, MO, for Appellant.

Stephen S. Wyse, Columbia, MO, for Respondent.

Before Division Three: ALOK AHUJA, Presiding Judge, VICTOR C. HOWARD, Judge and GARY D. WITT, Judge.

VICTOR C. HOWARD, Judge.

The State appeals the trial court's judgment granting defendant Gregory Allen Rodgers's motion to dismiss the charge against him for unlawful possession of a firearm in violation of section 571.070 RSMo. In the State's two points on appeal, it argues that the trial court erred in dismissing the charges because, (1) a valid conceal carry permit is not a defense to the crime of unlawful possession of a firearm in violation of section 571.070 where the defendant was a "fugitive from justice;" and (2) Rodgers was a "fugitive from justice" as a matter of law under the plain meaning of the term because he evaded law enforcement to avoid arrest for the charge pending against him for leaving the scene of a motor vehicle accident. The judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 13, 2011, the Boone County prosecutor filed a complaint against Gregory Allen Rodgers, alleging that Rodgers had committed unlawful use of a weapon in violation of section 571.030.1(1).[1] The probable cause statement reflected that on August 12, 2011, Sergeant Geoff Jones, who was in plain clothes at the time, contacted Rodgers in person regarding a warrant for a municipal ordinance violation of leaving the scene of an accident. Officer Quintana and Officer Moroney were approaching in a marked patrol car. Upon seeing the patrol car, Rodgers took off running. Sergeant Jones identified himself as a police officer, and Rodgers took a gun that had been tucked into his waistband and concealed beneath his shirt and threw it on the ground. Rodgers then lay down on the ground and was taken into custody. Officers determined that Rodgers had a Missouri concealed carry endorsement that had expired October 20, 2007, and had a previous conviction from 2006 for possession of an illegal weapon. The probable cause statement also asserted that Rodgers knew that there was an active warrant for his arrest and ran from the police instead of immediately surrendering himself.

It was later determined that Rodgers had a Florida license to carry concealed weapons or concealed firearms, issued February 18, 2010, which was in good standing and would expire February 18, 2017, unless renewed. Based upon this license, Rodgers filed a motion to dismiss the charge against him.

The State filed a first amended complaint, charging Rodgers with violation of section 571.070 for unlawful possession of a firearm. The amended complaint alleged that on August 12, 2011, Rodgers knowingly possessed a Browning .9 mm Luger. It further alleged that on May 11, 2011, Rodgers had been involved in a traffic accident and was issued a summons for leaving the scene of a motor vehicle accident, that he had failed to appear on that summons, and a warrant was issued for his arrest by the municipal court of the City of Columbia, Missouri. The amended complaint also alleged that Rodgers was a fugitive from justice in that he had been charged with the commission of the crime of leaving the scene of an accident and was

1. All statutory references are to RSMo Cum. Supp.2011 unless otherwise indicated.

concealing himself for the purpose of avoiding arrest.

Rodgers filed a motion to dismiss the amended complaint, asserting that he was not a fugitive from justice. There was a hearing held on the motion during which Rodgers judicially admitted all facts in the amended complaint: that he knowingly possessed a Browning 9 mm Luger on May 11, 2011, he was involved in a traffic accident and was issued a summons upon which he failed to appear on July 18, 2011, and a warrant was issued and was outstanding at the time of his arrest.

Both the State and Rodgers filed suggestions regarding Rodgers's motion to dismiss. The trial court granted Rodgers's motion and dismissed the State's charge without prejudice, ruling that under section 571.101.2(4), a fugitive from justice must be charged with a misdemeanor with a punishment exceeding one year of imprisonment in order for his permit to carry a concealed weapon to be suspended. The court found that a failure to appear on a municipal ordinance violation was not sufficient to suspend Rodgers's permit to carry a concealed weapon. The court ruled that the failure to appear would be sufficient to submit Rodgers to felony punishment under section 571.070.

This appeal from the State follows.

## ANALYSIS

In its two points on appeal, the State contends that the trial court erred in granting Rodgers's motion to dismiss because a valid conceal and carry permit is not a defense to the charge of unlawful possession of a firearm by a fugitive from justice under section 571.070, and Rodgers was a fugitive from justice within the plain meaning of the term. Because the second point is dispositive, it is the only one we address.

### Standard of Review

■ Generally, review of the trial court's ruling on a motion to dismiss is for an abuse of discretion. *State v. Clinch,* 335 S.W.3d 579, 583 (Mo.App. W.D.2011). If the trial court's ruling is "clearly against the logic of the circumstances before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration," an abuse of discretion has occurred. *Id.*

■ Where, as here, the facts are uncontested and the only issue is a matter of statutory construction, the trial court's dismissal of a felony complaint is subject to *de novo* review by the appellate court. *State v. Smothers,* 297 S.W.3d 626, 632 (Mo.App. W.D.2009). "The interpretation of a statute is a pure question of law, and therefore we give the circuit court's interpretation no deference." *Id.*

### Rodgers Was Not A Fugitive From Justice

■ Section 571.070.1 provides:

A person commits the crime of unlawful possession of a firearm if such person knowingly has any firearm in his or her possession and:

(1) Such person has been convicted of a felony under the laws of this state, or of a crime under the laws of any state or of the United States which, if committed within this state, would be a felony; or

(2) Such person is a *fugitive from justice,* is habitually in an intoxicated or drugged condition, or is currently adjudged mentally incompetent

(emphasis added).

The term "fugitive from justice" is not defined in section 571.070, nor in the remainder of that chapter, nor in the remainder of the Criminal Code. Additionally, no previous Missouri case has defined the

phrase in the context presented by this case. The trial court ruled that Rodgers's failure to appear in court for his municipal ordinance violation charge "would be sufficient to submit [him] to felony punishment under section 571.070," but under its additional reasoning based upon Missouri concealed carry law, it reached the conclusion that the charge pursuant to that section should be dismissed.

The State contends that "fugitive from justice" as used in section 571.070.1(2) should be given its plain and ordinary meaning in order to effectuate legislative intent, because the term is not defined within the statute nor anywhere in the Criminal Code. The State points two different definitions of "fugitive from justice" as indicating the term's plain meaning:

> A person who, having committed a crime, flees from jurisdiction of court where crime committed or departs from his usual place of abode and conceals himself within the district.

Black's Law Dictionary 671 (6th Ed.1990).

> *Someone who is sought by law officers; someone trying to elude justice.*

> http://dictionary.reference.com/browse/ fugitive + from + justice;

> http://lookwayup.com/lwu.exe/lwu/d?s=f & w=fugitive_from_justice;

> http://www.freedictionary.org/?Query= fugitive "from "justice; all last accessed on July 11, 2012. (emphasis added).

The State argues that Rodgers fits the emphasized definition because:

> Mr. Rodgers admitted that he was wanted on a summons for leaving the scene of a traffic accident, that he had failed to appear on the summons, and that a capias warrant had been issued for his arrest (LF 3). Mr. Rodgers was thus a fugitive from justice under the plain meaning of the term[.]

According to the State's briefing, the existence of an outstanding capias warrant alone makes Rodgers' a "fugitive from justice." State's brief 20.

Rodgers, on the other hand, argues that the definition of "fugitive from justice" given in section 319.303(16), which, in relevant part, defines a "fugitive from justice" as "any person who has fled from the jurisdiction," must be applied to the term as used in section 571.070.1(2). Rodgers asserts that using this definition is the "clear statutory intent" of the legislature.

"The primary rule of statutory construction is to ascertain the intent of the legislature by construing words used in the statute in their plain and ordinary meaning unless the legislature has defined particular words or phrases." *Short v. Southern Union Co.*, 372 S.W.3d 520, 532 (Mo.App. W.D.2012). If a particular term is given a definition "within a statute," the courts must effectuate the legislature's definition. *Id.*

Section 319.303 is the definitions section of the "Missouri Blasting Safety Act," which has a regulatory purpose of "foster[ing] the safe use of explosives in mining and construction by establishing and enforcing consistent statewide industry standards for licensing of blasters and persons using explosives." Section 319.300. Section 571.070, on the other hand, is part of the Weapons Offenses chapter of the Criminal Code, the primary purposes of which are to define crimes and designate punishments for them. *See* § 556.031.1; *State v. Walker*, 352 S.W.3d 385, 391 (Mo. App. E.D.2011). In sum, section 319.303 and section 571.070 are distinct sections in separate chapters governing unrelated subject matter, and thus the definition of a term from section 319.303(16) is not dispositive regarding the use of the term in section 571.070.1(2).

In support of Rodgers's argument for application of the section 319.303(16) definition of "fugitive from justice" to the term as used in section 571.070.1(2), he cites cases that hold that "each part or section should be construed in connection with every other part or section so as to produce a harmonious whole," *Phillips v. American Motorist Insurance Co.*, 996 S.W.2d 584, 588 (Mo.App. W.D.1999), and that "it is proper to consider, not only acts passed at the same session of the legislature, ... but also acts passed at subsequent legislative sessions and, likewise acts passed at subsequent legislative session[s]." *State ex rel. Jackson County v. Spradling*, 522 S.W.2d 788, 791 (Mo. banc 1975) (internal quotation omitted).

These holdings, however, are inapposite to application of the definition of "fugitive from justice" from section 319.303(16) to the term as used in section 571.070.1(2). The language from *Phillips* is in reference to "[a] statute," as opposed to two distinct and widely separated statutes from different chapters, as in the instant case. The language from *Spradling* is in reference to acts relating to the same or closely related subject matter, whereas the instant case concerns sections involving unrelated subject matter.

We find the meaning of "fugitive from justice" as used in section 571.070.1(2) is ambiguous, and a proper analysis of the meaning of "fugitive from justice" as used in section 571.070.1(2) is elusive. Ambiguity exists if a term is reasonably susceptible to more than one meaning. *State v. Liberty*, 370 S.W.3d 537, 548 (Mo. banc 2012). Review of the law from the United States Code and from our sister states on unlawful possession of firearms by fugitives from justice, as well as the dictionary definition of the term, reveals the ambiguity of the term "fugitive from justice," and the highly varied results reached by different entities

analyzing it. For example, in the United States Code, in Chapter 44, governing firearms crimes, the term "fugitive from justice" means any person who has fled from any State to avoid prosecution for a crime or to avoid giving testimony in any criminal proceeding. 18 U.S.C.A. § 921 (2000).

The Supreme Court of Nevada invalidated the section of its statute prohibiting possession of a firearm by a "fugitive from justice" as unconstitutionally vague for its failure to define the term. *Gallegos v. State*, 123 Nev. 289, 163 P.3d 456, 459 (2007). It is noteworthy that the dissenter in *Gallegos*, who argued that the statute was sufficiently definite to be constitutional, did so by arguing that the term "has a well-settled and ordinarily understood meaning," namely "a person who has (1) committed a crime in another state, (2) been charged in that state with the commission of such crime, and (3) fled from justice and is within this state." *Id.* at 462 (dissenting opinion). Rodgers would not meet that "saving" definition.

An example of a state legislature's attempt to articulate an unambiguous definition of "fugitive from justice" can be found in Delaware's statute governing possession and purchase of deadly weapons by persons prohibited:

> Any person who, knowing that he or she is the defendant or co-defendant in any criminal case in which that person is alleged to have **committed any felony** under the laws of this State, the United States or any other state or territory of the United States, becomes a fugitive from justice by failing to appear for any scheduled court proceeding pertaining to such felony for which proper notice was provided or attempted. It is no defense to a prosecution under this paragraph that the person did not receive notice of the scheduled court proceeding

Del.Code Ann. Tit. 11, § 1448(a)(8) (2012) (emphasis added).

Ohio is an example of a state, which, like Missouri, does not have an applicable statutory definition of "fugitive from justice" for its law against having weapons under disability. The Ohio appellate court attempted to fashion a common law definition in line with its perception of the legislature's intent in *State v. Cherry,* 171 Ohio App.3d 375, 870 N.E.2d 808 (2007). The court based its definition on that found in extradition law, and held that

> in the absence of an arrest warrant, the broadest reach of the statute consistent with a strict construction in favor of the accused is that the alleged fugitive from justice must: (1) have incurred guilt— i.e., *be guilty* of having committed some offense; (2) *be aware* that he is being sought by police in connection with that offense; and (3) being aware that he is being sought by police, *take some affirmative action to elude detection* by police.

*Cherry,* 870 N.E.2d at 812 (emphasis added).

The current version of Black's Law Dictionary states:

> fugitive. (14c) 1. A person who flees or escapes; a refugee. 2. A criminal suspect or a witness in a criminal case who flees, evades, or escapes arrest, prosecution, imprisonment, service of process, or the giving of testimony, esp. by fleeing the jurisdiction or by hiding. See 18 U.S.C.A. § 1073.—Also termed (in sense 2) fugitive from justice.

741 (9th ed.2009).

■ Clearly, there are many reasonable meanings of "fugitive from justice." Where a criminal statute is ambiguous, as section 571.070.1(2) is, "the rule of lenity mandates that all ambiguity ... be resolved in a defendant's favor." *Fainter v. State,* 174 S.W.3d 718, 721 (Mo.App. W.D. 2005). Under the rule of lenity, an ambiguous criminal statute is construed strictly against the government and liberally in favor of a defendant. *Id.* "Any doubt as to whether the act charged and proved is embraced within the prohibition must be resolved in favor of the accused." *Id.* (internal quotation omitted). "The rule of lenity applies to interpretation of statutes only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what the legislature intended." *Id.* (internal citation omitted).

Application of the rule of lenity to the instant case requires that the ambiguity of "fugitive from justice" be strictly construed against the government and in favor of Rodgers. The state's argument that Rodgers was a fugitive from justice because he "admitted that he was wanted on a summons for leaving the scene of a traffic accident, that he had failed to appear on the summons, and that a capias warrant had been issued for his arrest," is too broad. These facts would not subject Rodgers to criminal prosecutions under any number of the ways the term has been defined. Being a "fugitive from justice" is an element of the crime alleged here. The elements of a crime should be well defined to provide meaningful notice of proscribed conduct. See *State v. Faruqi,* 344 S.W.3d 193, 200 (Mo. banc 2011). The fact that Rodgers was not a 'fugitive from justice' under multiple reasonable interpretations of the term is decisive in this appeal; we need not adopt a definitive definition of the term to decide this appeal. We respectfully suggest that, to avoid future interpretive difficulties, the General Assembly may wish to consider adopting a precise definition of the term "fugitive from justice" for purposes of section 571.070.1(2).

Strictly construing the term "fugitive from justice" as used in section

571.070.1(2), we find that Rodgers' alleged conduct is not encompassed by the statute. The State's second point on appeal is denied.

Because Rodgers was not a fugitive from justice as required for violation of section 571.070.1(2), the State's first point on appeal is moot and will not be addressed.

## Conclusion

Rodgers was not a "fugitive from justice" as used in section 571.070.1(2). Therefore, the State's first and second points on appeal are denied and the judgment of the trial court is affirmed.

All concur.