

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Appellant, | ) |
| | ) WD77126 |
| v. | ) |
| | ) OPINION FILED: |
| | ) April 7, 2015 |
| OZIE BANKS, | ) |
| | ) |
| Respondent. | ) |

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable John M. Torrence, Judge

**Before Division Two:** Anthony Rex Gabbert, Presiding Judge, and
Joseph M. Ellis and Karen King Mitchell, Judges

The State of Missouri brings this interlocutory appeal, challenging the trial court's dismissal of Counts II-VI of the indictment against Ozie Banks. The trial court determined that, under the terms of a prior plea agreement between the State and Banks, the State was precluded from pursuing Counts II-IX in accordance with its previous promise "not to file any other cases for which Mr. Banks may have been a suspect in this series of offenses."[1] Because the court's finding that Counts II-VI came within the terms of the prior plea agreement was supported by the

---

[1] The State does not challenge the dismissal of Counts VII-IX.

evidence, the court did not err in determining that the State was precluded from filing the charges. We affirm.

## Factual and Procedural Background[2]

On April 25, 1991, Banks entered a plea agreement with the State on charges arising from three separate cases. In CR90-2503, Banks pled guilty to rape and armed criminal action in exchange for consecutive ten-year prison sentences on each count. In CR91-2085, Banks pled guilty to first-degree attempted burglary, and in CR91-2086, he pled guilty to second-degree burglary. In exchange for these pleas, Banks was sentenced to three-year terms for each burglary count, to run concurrently with each other and the sentences in CR90-2503. All three of the cases involved crimes that occurred in the Westport area of Kansas City during 1990.

At the 1991 plea hearing, the prosecutor informed the court that Banks had been a suspect in two other rape cases for which the State had declined to file charges as a result of the plea agreement. The prosecutor then stated:

> Additionally, the State promises not to file any other cases for which Mr. Banks may have been a suspect in this series of offenses. The State has been provided with only two police files regarding additional cases. So for the record, I will state that as a result of the plea today the State will decline charges in the police file number 90-007936 and 90-035634. Should there be any other cases brought to our attention, again, pursuant to this series of offenses, they will not be filed upon by our office as a result of this plea bargain.

The court accepted the pleas after Banks said he understood the terms of the agreement and agreed that entering guilty pleas was in his best interest.

Banks was sentenced to a total of 20 years pursuant to the plea agreement. The Parole Board scheduled him for release on May 29, 2004. Four days before his anticipated release, police notified Banks that DNA testing had linked him to the 1986 sexual assault of another

---

[2] Many of the facts are taken from this court's prior opinion in *State v. Banks*, 259 S.W.3d 49 (Mo. App. W.D. 2008), without further attribution.

victim, T.T. Before the 2004 DNA testing, however, there was nothing in the record suggesting that Banks was a suspect in T.T.'s sexual assault at the time of his 1991 pleas. As a result of the DNA testing, Banks was returned to Kansas City to face charges of forcible rape and sodomy for the 1986 crimes.

Banks moved to dismiss the charges involving victim T.T. based on the 1991 plea agreement. He provided the court with a copy of the plea hearing transcript and argued that, in exchange for his guilty plea, the State had agreed to waive prosecution of any other sexual offenses he had committed before the plea. The circuit court overruled the motion, concluding that the 1986 rape and sodomy of T.T. was not in the "series of offenses" waived by the plea agreement.

Following a bench trial, the circuit court convicted Banks of forcible rape and sodomy and sentenced him to consecutive prison terms on each count. Banks appealed to this court, arguing that the circuit court erred in refusing to dismiss the charges under the prior plea agreement. We rejected Banks's claim on appeal, determining that "Banks [wa]s not entitled to dismissal of the charges because there was no reasonable basis for his belief that the State waived prosecution of the 1986 crimes." *State v. Banks*, 259 S.W.3d 49, 52 (Mo. App. W.D. 2008). In finding that the circuit court did not abuse its discretion in denying Banks's motion to enforce the plea agreement, we noted that "the State promise[d] not to file any other cases for which Mr. Banks may have been a suspect [only] in this series of offenses," and that "the State was . . . waiving its right to prosecute Banks for [only] those cases in which he had been identified . . . [and] was a known suspect in 1991." *Id.* Despite affirming Banks's convictions, because of an error in sentencing, we remanded the case for resentencing. *Id*. at 52-53. On remand, Banks was sentenced to two consecutive thirty-year terms of imprisonment.

On October 19, 2012, Banks was indicted for the crimes at issue in this appeal, which consist of one count of forcible rape against victim B.B., occurring on or about November 5, 1986 (Count I); one count of forcible rape and one count of forcible sodomy against victim N.S., occurring on or about July 14, 1989 (Counts II and III); one count of forcible rape and one count of forcible sodomy against victim M.L., occurring on or about August 21, 1989 (Counts IV and V); one count of forcible rape against victim A.L., occurring on or about September 6, 1989 (Count VI); and one count of forcible rape, one count of forcible sodomy, and one count of first-degree robbery against victim P.C., occurring on or about September 25, 1989 (Counts VII through IX).

Even though the offenses charged in the indictment all occurred in the late 1980s, the State was unable to prosecute the perpetrator(s) until a series of DNA "hits" linked Banks with DNA profiles collected in the various cases: he was linked with victim B.B. (Count I) in 2005; with victims M.L. (Counts IV and V), A.L. (Count VI), and P.C. (Counts VII through IX) in 2010; and with victim N.S. (Counts II and III) in 2011.

Banks filed a "Motion to Enforce 1991 Plea Agreement and Dismiss Charges with Prejudice." In his motion, Banks again claimed that the prosecutor's assertions that the State would not file any additional charges from "this series of offenses" for which he was a "known suspect" meant that the State was relinquishing its right to prosecute any "offenses committed by Mr. Banks prior to his [1991] guilty plea and incarceration." Banks argued "that any crime of the same nature committed by Ozie Banks during this time period must be deemed, under these facts, to fall within the scope of the language used by the state during the 1991 plea." Banks further argued that the phrase "series of offenses" was ambiguous and that the ambiguity should inure to his benefit.

The trial court held a hearing on Banks's motion, wherein it received Defendant's Exhibit 1: a "Request for Evidence Analysis" executed by a police detective on September 26, 1990, seeking lab analysis of trace evidence collected in connection with victim P.C.'s case (Counts VII-IX) and comparison of that evidence to known hair and blood standards from Banks; Defendant's Exhibit 2: records from Banks's time at Fulton State Hospital; Defendant's Exhibit 3: a copy of the plea transcript; State's Exhibit A: two pages from a May 1990 police report; State's Exhibit B: the transcript from the hearing on Banks's prior motion to enforce the plea agreement, raised in response to the charges associated with victim T.T.; and State's Exhibit C: a copy of this Court's opinion in the 2008 appeal.

The trial court first determined that this Court's opinion in *State v. Banks*, 259 S.W.3d 49 (Mo. App. W.D. 2008), held that "the 1991 agreement to not file any additional charges only applied to those cases 'where Banks was a known suspect in 1991.'" The court then determined that Defendant's Exhibit 1 demonstrated that Banks "was a 'known suspect' in at least one 1989 Westport residential burglary/rape offense (Counts VII-IX)." After noting that "Counts II-VI of the pending Indictment also allege the commission of 1989 residential burglary/rape cases in Westport," the court determined that "[t]he unavoidable conclusion is that the charging of the offenses under Counts II-IX is in violation of the 1991 plea agreement because [Banks] was a 'known suspect' in a series of 1989 Westport burglary/rape offenses as early as September 26, 1990." The court determined, however, that, "consistent with the reasoning set forth in the 2008 opinion of the Western District, the charging of the 1986 offense under Count I [did] not violate the plea agreement."[3] The court therefore dismissed Counts II-IX. The State appeals the dismissal of Counts II-VI.

---

[3] The State subsequently dismissed Count I for unstated reasons.

**Standard of Review**

"Generally, review of the trial court's ruling on a motion to dismiss is for an abuse of discretion." *State v. Rodgers*, 396 S.W.3d 398, 400 (Mo. App. W.D. 2013). "If the trial court's ruling is 'clearly against the logic of the circumstances before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration,' an abuse of discretion has occurred." *Id*. (quoting *State v. Clinch*, 335 S.W.3d 579, 583 (Mo. App. W.D. 2011)). "Conversely, if reasonable minds could differ as to whether the trial court's actions were appropriate, then we must conclude that an abuse of discretion did not occur." *State v. Banks*, 135 S.W.3d 497, 500 (Mo. App. W.D. 2004).

**Analysis**

The State brings a single point on appeal. It argues that the trial court erred in dismissing Counts II-VI because there was no evidence to support the trial court's determination that these counts fell within the terms of the 1991 plea agreement. We disagree.

According to our 2008 opinion, the 1991 plea agreement placed two limitations on the State's ability to seek further charges. The agreement precludes the State from seeking new charges if: (1) any of the new charges were part of the same "series of offenses" as the charges to which Banks pled guilty in 1991; *and* (2) Banks was a "known suspect" in any of the new charges at the time of his 1991 plea proceeding. But if there is nothing in the record to indicate either that the new charges were part of the same "series of offenses," or that Banks was a known suspect in the new charges at the time of the plea hearing in 1991, the State is not precluded from pursuing those new charges.

Because Banks filed a motion to dismiss, he bore the burden of proving that the current charges were brought in violation of the 1991 plea agreement. *See State v. Mignone*, 411 S.W.3d

6

361, 364 n.3 (Mo. App. W.D. 2013) ("[T]he burden of proof for a motion to dismiss criminal charges is on the defendant."); *State v. Redifer*, 215 S.W.3d 725, 734 (Mo. App. W.D. 2006) ("[A]llegations in a motion are not self-proving . . . ."); *Baker v. State*, 180 S.W.3d 59, 64 (Mo. App. S.D. 2005) ("[A] movant has the burden of proving the grounds asserted.").   In other words, to succeed on his motion to dismiss, Banks had to prove *both* that each of the new charges fell within the same "series of offenses" to which he pled guilty in 1991, and that, at the time of his 1991 plea proceeding, he was a known suspect in each of the cases involved in the new charges.[4]

In applying our 2008 decision, the trial court first noted that "[t]he 2008 ruling from the Western District explicitly ruled that the 1991 agreement to not file any additional charges . . . applied [only] to those cases 'where Banks was a known suspect in 1991.'"[5]   The court then

---

[4] Though the parties made arguments below as to both elements of the plea agreement, the State challenges only the "known suspect" element on appeal.  Banks argued below that the "series of offenses" referred to all offenses he had committed up to the time of the plea; in other words, he claimed that the agreement provided him with complete immunity for his prior crimes.  In our 2008 opinion, we made it very clear that the plea agreement was not intended to grant Banks immunity for all offenses he committed either before entering the plea agreement or in the Westport area, generally.  *Banks*, 259 S.W.3d at 52.  The trial court likewise rejected Banks's attempts to claim absolute immunity insofar as it found Count I to be outside the terms of the plea agreement and allowed the State to proceed on that charge.  We reiterate that nothing in the 1991 plea agreement provides for absolute immunity from prosecution for any offenses committed by Banks, whether in the Westport area or otherwise, before he entered the agreement.  It is a limited agreement.  And to invoke its protection, Banks must prove that a new charge is one wherein he was a known or identified suspect at the time of his 1991 plea agreement and that it was part of the same "series of offenses" as those in the 1991 plea agreement.

[5] The trial court concluded that our decision in the 2008 appeal was "law of the case" for the purpose of considering Banks's motion to dismiss.  Though we agree that the trial court was bound to follow our 2008 decision, law of the case is not the applicable doctrine.

"'The doctrine of law of the case provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal.'" *Nance v. Maxon Elec., Inc.*, 425 S.W.3d 926, 930 (Mo. App. W.D. 2014) (quoting *Smith v. Brown & Williamson Tobacco Corp.*, 410 S.W.3d 623, 632 (Mo. banc 2013)).  "The doctrine of law of the case permits a decision on an issue of law made at one stage of a case to become binding on successive stages of the same litigation." *Pathway Fin. v. Schade*, 793 S.W.2d 464, 469 (Mo. App. E.D. 1990).  The case at bar involves separate cases.  Accordingly, the law of the case doctrine does not apply.

It is instead the doctrine of *stare decisis* that bound the trial court to apply the holding of our prior opinion to this case.  Under the *stare decisis* doctrine, "'a court follows earlier judicial decisions when the same point arises again in litigation.'" *State v. Byers*, 396 S.W.3d 366, 368-69 (Mo. App. S.D. 2012) (quoting *Tillman v. Cam's Trucking, Inc.*, 20 S.W.3d 579, 584 n.9 (Mo. App. S.D. 2000)).  "Where the same or an analogous issue was decided in an earlier case, such case stands as authoritative precedent unless and until it is overruled." *Id.* at 369 (quoting *M & H Enters v. Tri-State Delta Chemicals, Inc.*, 984 S.W.2d 175, 178 n.3 (Mo. App. S.D. 1998)).  To the extent

discussed Defendant's Exhibit 1—the September 26, 1990 police lab analysis request, seeking comparison of trace evidence from victim P.C.'s case (Counts VII-IX) to known hair and blood standards from Banks. The court "conclude[d] that, without question, at the time of the 1991 guilty plea hearing, the Defendant was a 'known suspect' in at least one 1989 Westport residential burglary/rape offense (Counts VII-IX)." After noting that "Counts II-VI of the pending Indictment also allege[d] the commission of 1989 residential burglary/rape cases in Westport," the court determined that "[t]he unavoidable conclusion is that the charging of the offenses under Counts II-IX is in violation of the 1991 plea agreement because Defendant was a 'known suspect' in a series of 1989 Westport burglary/rape offenses as early as September 26, 1990."

While our 2008 opinion determined that the plea agreement barred prosecution of only those offenses for which Banks was a known or identified suspect at the time of his 1991 plea proceeding, we did not define what it meant to be a "known or identified suspect." Though there were obvious similarities between the facts of T.T.'s case and those underlying the plea agreement, including the fact that the crimes occurred in the Westport area, we rejected the notion that similarities between the 1991 charges and the newly charged crime, alone, were enough to render Banks a known or identified suspect, holding instead that "[t]here [wa]s nothing in the record to indicate that Banks was a suspect in the sexual assault of T.T. at the time of the plea hearing in 1991." *Banks*, 259 S.W.3d at 52.

Here, the trial court determined that Banks was a "known suspect" in Counts VII-IX at the time of the 1991 plea proceeding based upon the fact that Banks was apparently under investigation for those crimes, as evidenced by a then-recent lab analysis request for comparison

this case involves the same or analogous issues as our prior opinion, *stare decisis* dictates that the trial court follow our prior opinion.

8

of crime scene evidence to known standards from Banks. This determination is not at odds with our 2008 opinion, and the State concedes that the exhibit demonstrated Banks's status as a known or identified suspect in 1991. Thus, we find no abuse of discretion in the court's determination that Banks was a "known or identified suspect" where the evidence showed that he was under investigation for one of the newly charged crimes at or near the time of the plea agreement.

The State's challenge is directed at the court's determination that, because Banks was a known or identified suspect in Counts VII-IX, it was reasonable to infer that he was a known or identified suspect in Counts II-VI. The State claims that the court reached its conclusion solely on the fact that the crimes all occurred within the same year. But it appears to us that the court reached this conclusion as a result of not only the same year of occurrence but also similarities in the nature of Counts II-VI (home invasion rapes occurring within a short time span and a relatively small geographic area).

Though in the 2008 appeal, we rejected the notion that factual similarities between the newly charged crimes and the crimes subject to the 1991 agreement, alone, rendered Banks a known or identified suspect in the newly charged crimes at the time of the 1991 plea, the court's determination here was not based upon such similarities. Rather, the court's determination was based upon the fact that Banks was a known or identified suspect in one home invasion rape in September 1989, *and* that the other charges were part of a small cluster of offenses occurring within a small window of time and a small geographic area. It was not unreasonable for the court to believe that a person who was a known suspect in one of those offenses was a known suspect in all of them. Having demonstrated that he was a known suspect in Counts VII-IX,

Banks was able to seize upon that reasonable inference to support his claim of known-suspect status in Counts II-VI.[6]

**Conclusion**

The trial court did not abuse its discretion in dismissing Counts II-VI of the State's indictment against Banks. Its decision is affirmed.

_____

Karen King Mitchell, Judge

Anthony Rex Gabbert, Presiding Judge,
and Joseph M. Ellis, Judge, concur.

---

[6] Had the court's determination been based upon solely the year of occurrence, as the State argues, we might agree with the State that any inference of known-suspect status would be unreasonable. But the court's conclusion was based upon much more than merely the same year of occurrence. And the additional similarities noted by the court supported the reasonable inference it drew. Of course, the State could have refuted that inference with evidence that Banks was, in fact, *not* a suspect, but it did not do that. At most, the State suggested that the case files in Counts II-VI had been inactivated at the time of Banks's plea. But the State did not explain how, if at all, inactivation of a case affected Banks's status as a suspect. In any event, the State has not pursued that argument on appeal.

The State has also chosen not to raise any arguments regarding the "series of offenses" element of the plea agreement; thus, we do not address whether that element was satisfied.