

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111997 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Warren County |
| vs. | ) | 17BB-CR00692-01 |
| | ) | |
| ARTHUR NOEL LEWIS, JR., | ) | Honorable Jason Lamb |
| | ) | |
| Appellant | ) | Filed: November 26, 2024 |

### OPINION

Before Lisa P. Page, P.J., Rebeca Navarro-McKelvey, J., and Patricia Breckenridge, Sp. J.

Arthur N. Lewis, Jr. (Lewis) appeals from the trial court's judgment entered upon a jury's

verdict convicting him of two counts of first-degree statutory sodomy. We affirm.

### Background

Lewis was charged in two separate causes with one count of first-degree statutory

sodomy as a result of his conduct with two victims under the age of fourteen. The cases were

consolidated and a jury found him guilty of both counts. The trial court sentenced him as a

predatory sexual offender to consecutive sentences of life imprisonment. Because he was

sentenced as a predatory sexual offender, he was required to serve thirty years before becoming

eligible for parole, conditional release, or other early release. This appeal follows.

## Discussion

In his first point on appeal, Lewis argues the trial court erred in failing to dismiss his case or grant other relief to him when the state failed to bring him to trial by November 26, 2022, in violation of Rule 33.01(d).[1] In his second and final point, Lewis claims the trial court plainly erred in failing to *sua sponte* declare a mistrial during voir dire when one potential juror made a comment about familiarity with Lewis's address, tainting the entire panel.

### Point I – Rule 33.01(d)

Lewis's first point on appeal contends the trial court erred in failing to dismiss his case or grant other relief because the state failed to bring him to trial within the time constraints set forth by Rule 33.01(d). He claims because he filed a written request after arraignment when the trial court held him without bond, the court was required to hold or set trial before November 26, 2022, as required by the rule.

### *Standard of Review*

Generally, our review of the trial court's ruling on a motion to dismiss is for an abuse of discretion. *State v. Salcedo*, 695 S.W.3d 109, 113 n.3 (Mo. App. W.D. 2024) (quoting *State v. Rodgers*, 396 S.W.3d 398, 400 (Mo. App. W.D. 2013)). However, where the facts are uncontested and the issue is a matter of statutory construction, the ruling is subject to *de novo* review. *Id.*

### *Analysis*

Rule 33.01(d) states:

> Should the court determine upon clear and convincing evidence that no combination of non-monetary conditions and monetary conditions will secure the safety of the community or other person, including but not limited to the crime victims and witnesses, then the court shall order the defendant detained pending trial or any other stage of the criminal proceedings. A defendant so detained shall, upon written request filed after arraignment, be entitled to a trial which

---

[1] All references to Rules are to Missouri Supreme Court Rules (2022).

2

begins within 120 days of the defendant's request or within 120 days of an order granting a change of venue, whichever occurs later. **Any** request by the defendant to continue the trial beyond the 120 days shall be considered a waiver by the defendant of the right to have the trial conducted within 120 days. (emphasis added).

Lewis was arraigned in the initial cause on May 17, 2018, and on July 2, 2019, the trial court ordered him to be held without bond. Over three years later, on July 29, 2022, Lewis filed a pleading titled "Request for Speedy Trial."[2] At issue on appeal he asserts he was entitled to trial within 120 days, or by November 28, 2022.[3] The state counters that under Rule 33.01(d), **"any"** request by a defendant to continue the trial beyond the 120 days constitutes a waiver of defendant's right to have the trial conducted within that time and Lewis sought to continue the cause in May and June 2023. In response, Lewis argues he cannot waive his right to have the trial conducted within 120 days by requesting a continuance after that date had come and gone. We need not decide the issue of whether Lewis waived his right under Rule 33.01(d) because the proper remedy for the alleged violation is not dismissal of the pending charges.

Rule 33.09 outlines the procedure to seek relief for a defendant who contends he was unlawfully detained in violation of the rules or applicable statutes or constitutional provisions. This rule provides that rather than seeking a dismissal for the trial court's alleged failure, Lewis "may seek remedial writ relief in a higher court pursuant to Rule 84.24." We have no record of any remedial writ relief sought for Lewis's alleged unlawful detention. Instead, Lewis opted to seek relief in the form of a remedy with no basis in the law by filing a motion to dismiss, which the trial court heard and properly denied. However, during the hearing, the trial court did provide Lewis relief from any potential issues raised by Rule 33.01(d) by setting the cause for

---

[2] In his motion, Lewis cited both Section 545.780 RSMo (2016) and Rule 33.01(d), but he makes no claims on appeal regarding his constitutional right to speedy trial.
[3] Lewis incorrectly refers to the date as November 26, 2022; however, this fell on a Saturday. Pursuant to Rule 44.01(a), which dictates where a date computed falls on a Saturday the period ends on the next date that is neither Saturday, Sunday, or a legal holiday.

3

trial within approximately forty days. If Lewis believed he was still being unlawfully detained following this hearing, he could have availed himself of the remedy provided in Rule 33.09, but he did not do so. In fact, Lewis requested three additional continuances to trial settings after the trial court denied his motion to dismiss and did not raise the issue again until this appeal.

As a result of the foregoing, we cannot conclude the trial court erred in denying Lewis's motion to dismiss pursuant to Rule 33.01(d). Point one on appeal is denied.

### Point II – Mistrial

In point two on appeal, Lewis claims the trial court plainly erred in failing to *sua sponte* declare a mistrial during voir dire when one potential juror made a comment indicating knowledge of incidents at his address in the juror's professional capacity as a police dispatcher.

### *Standard of Review*

Rule 30.20 affords us discretion to review plain errors affecting substantial rights if we find the alleged errors resulted in a manifest injustice or miscarriage of justice. To grant plain error relief, there must be error that is evident, obvious, and clear. *State v. Schneider*, 678 S.W.3d 493, 502 (Mo. App. E.D. 2023). "Our review for plain error of a trial court's failure to *sua sponte* declare a mistrial is extremely limited." *State v. Stites*, 266 S.W.3d 261, 266 (Mo. App. S.D. 2008) (quoting *State v. Collins*, 150 S.W.3d 340, 349 (Mo. App. S.D. 2004)).

### *Analysis*

A mistrial is a drastic remedy. *Schneider*, 678 S.W.3d at 503. The decision to grant a mistrial is left to the sound discretion of the trial court because it is in the best position to assess the impact of any potential incident. *Id.* The trial court should grant a mistrial only in the case of a "grievous error, which cannot be remedied otherwise." *State v. Carr*, 50 S.W.3d 848, 856 (Mo. App. W.D. 2001). "Moreover, a court should declare a mistrial *sua sponte* 'only in

exceptional circumstances.'" *State v. Boyd*, 659 S.W.3d 914, 926 (Mo. banc 2023) (quoting *State v. Clay*, 975 S.W.2d 121, 134 (Mo. banc 1998)).

The record reflects that during voir dire the prosecutor asked the venire panel if they had "any sort of familiarity with the residence, that area, or any opinions of that area," where the crimes occurred. One venireperson responded, "I used to work as a 9-1-1 dispatcher quite some time ago and law enforcement would respond to that residence regularly."

Counsel for Lewis immediately asked to approach and moved to strike the venireperson for cause. Although counsel argued there "could be an issue with the jury" resulting from the comment, he requested only that the venireperson be stricken and the state be advised to refrain from questioning her further. Counsel did not request a mistrial. The trial court excused the venireperson, and the parties proceeded with voir dire.

Here, the venireperson's reference to law enforcement responding to an address "quite some time ago" did not suggest any such response was required because of any incidents involving Lewis. This limited statement did not establish to the members of the venire that Lewis even lived there at the time the juror was working as a dispatcher. No further questions were asked, and the trial court granted Lewis all the relief requested in immediately removing the venireperson for cause following the statement. *See Schneider*, 678 S.W.3d at 505. As a result, Lewis cannot demonstrate any evident, obvious, or clear error from the trial court's failure to *sua sponte* declare a mistrial, and thus, no plain error occurred. Point two is denied.

## CONCLUSION

The judgment of the trial court is affirmed.

Lisa P. Page, Presiding Judge

Rebeca Navarro-McKelvey, J., and
Patricia Breckenridge, Sp. J., concur.

5